**In the Matter of C.J.H.**

No. 2–01–332–CV.

Court of Appeals of Texas, Fort Worth.

June 13, 2002.

Cindy Stormer, Gainesville, for Appellant.

Brent Hill, Ass't County Attorney, Gainesville, for Appellee.

PANEL B: DAUPHINOT, HOLMAN, WALKER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

This is an appeal from an order of commitment. Appellant raises four points, arguing that the trial court abused its discretion by committing Appellant to the Texas Youth Commission ("TYC") (points one and two); that the punishment was excessive (point three); and that the trial court erred by admitting the social worker's report over defense counsel's hearsay objection (point four). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2001, after stipulating to the evidence, Appellant was adjudicated for engaging in the delinquent conduct of committing aggravated sexual assault of a child younger than fourteen years of age. He was placed on probation for twenty-four months. The conditions of probation included one year in boot camp or "in the custody of the Cooke County Department of Juvenile Services." Appellant filed a timely motion for new trial, arguing that his health would not allow him to attend boot camp.

Documents in the court record indicate other concerns about the judgment. Case notes filed by Brent O'Bannon, Appellant's therapist, indicate that Appellant did not want to go to boot camp and that if he did go to boot camp, he was in danger of "get[ting] into conflicts, fights, and be[ing] picked on for his sexual orientation or . . . be[ing] exploited sexually for oral and anal sex." A letter, apparently from a boot camp teacher, indicated that the current boot camp inmates knew about Appellant's sexual orientation and planned to hurt him when he arrived. A letter from the boot camp case manager to the juvenile probation officer rejected Appellant as a candidate for the camp "due to safety issues." For the reasons stated in the motion for new trial and the safety concerns expressed in the above documents, the court granted the new trial and a new disposition hearing was held.

The evidence admitted during the disposition hearings and related detention hearings showed that

- Appellant himself had been a victim of sexual assault;
- he received counseling as a result;
- he was undergoing counseling when he perpetrated the sexual assault against a six-year-old, whose father was dating his mother; and
- Appellant had expressed no remorse for the offense.

Soon after the offense, his mother sent him to another state to live with his former stepfather for about eight months because she believed he could better control Appellant. Neither she nor the former stepfather had arranged sex offender counseling for him during that time period. Nevertheless, Appellant's mother testified that she could provide 24-hour supervision of

Appellant. A school bus driver, she planned to take him on her route before and after school to keep an eye on him. Her boyfriend of ten months, a former TYC employee, also testified that he could help supervise Appellant.

Additionally, despite the provision in the original order providing that the first year of probation could be served at boot camp or in the custody of the juvenile detention center, testimony at the second disposition hearing showed that neither option was available, given that the boot camp had rejected the placement and the detention center was not prepared to offer a long-time detention. Finally, Ron Perrett, a licensed social worker who interviewed Appellant before the second hearing, recommended TYC placement. According to him, "[I]t's the one recommended by an organization known as A.T.S.A., ... which is pretty much where all the best experts are for juvenile and adult offenders." His report, provided to all parties, was admitted over defense counsel's objection. After the hearing, the trial court committed Appellant to TYC for an indefinite period. The trial court's order included the following findings:

[T]he Court finds that on the 15th day of September, 1999, the Respondent ... committed the offense of Aggravated Sexual Assault which is a Felony and the Respondent is in need of rehabilitation and that the protection of the public and the Respondent requires that disposition be made.

The Court finds:

1) It is in the child's best interest to be placed outside the child's home;

2) Reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and

3) The child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.

The order also included a provision that Appellant could be immediately released to his mother's care after he successfully completed TYC's sex offender program. The trial court deleted this provision more than three weeks later after the State filed a petition arguing that it made the entire order void. Appellant timely filed a notice of appeal.

## II. LEGAL ANALYSIS

### A. Evidence on Commitment

In his first point on appeal, Appellant argues that the trial court abused its discretion in committing him to TYC because the evidence did not support the finding that commitment was in his best interests. In the discussion of his first point, Appellant further argues that

[t]he record contains no evidence to establish that reasonable efforts had been made to prevent or eliminate the need for Appellant's removal from the home. Further, the juvenile court's finding that Appellant's home cannot provide him with the support and supervision needed to meet the conditions of probation is contrary to the great weight and preponderance of the evidence. Other than Appellant's commission of this offense, there is no evidence to establish that Appellant's mother cannot provide the quality of care and level of support and supervision that Appellant needs to meet the conditions of probation.

The first point thus complains that the trial court abused its discretion in issuing the three statutory findings required for commitment because the evidence was le-

gally and factually insufficient to support the findings.[1]

In his second point, Appellant complains that the trial court abused its discretion in committing him to TYC "rather than assigning him to sanction level five as provided for in ... the Texas Family Code" because the evidence was insufficient to support the court's deviation from the progressive sanctions guidelines. As Appellant points out, he is prohibited from complaining directly about the trial court's failure to make a sanction level assignment or its deviation from the sanction level assignment guidelines.[2] This point, then, also complains about the factual sufficiency of the evidence to support the trial court's findings on commitment.[3]

### 1. Standard of Review: Abuse of Discretion

■ After a juvenile has been adjudicated delinquent, the court has broad discretion to determine disposition.[4] We will not reverse the juvenile court's decision unless it abused its discretion.[5] To determine whether a trial court has abused its discretion, we must decide whether it acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable.[6] Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.[7]

■ An abuse of discretion also does not occur where the trial court bases its decisions on conflicting evidence.[8] Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision.[9] In appropriate cases, legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion.[10]

■ When juvenile appellants complain that the evidence was legally or factually insufficient to support the adjudication of delinquency, we apply the criminal standards of review.[11] Our rationale for this decision is that in a juvenile adjudication proceeding, the State must prove be-

1. *See* Act effective Sept. 1, 1993, 73d Leg., R.S., ch. 1048, § 1(i), 1993 Tex. Gen. Laws 4473, 4474 (amended 2001) (current version at Tex. Fam.Code Ann. § 54.04(i)(1) (Vernon Supp.2002)).

2. Tex. Fam.Code Ann. § 59.014(2), (3) (Vernon Supp.2002); *In re A.S.*, 954 S.W.2d 855, 861 (Tex.App.-El Paso 1997, no pet.).

3. *In re A.S.*, 954 S.W.2d at 861.

4. *In re T.K.E.*, 5 S.W.3d 782, 784 (Tex.App.-San Antonio 1999, no pet.).

5. *Id.; In re C.C.*, 930 S.W.2d 929, 930 (Tex. App.-Austin 1996, no writ).

6. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex.1999); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

7. *Downer*, 701 S.W.2d at 241–42.

8. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *see also Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997).

9. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.-Houston [1st Dist.] 1993, writ denied).

10. *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex.1991); *Tex. Dep't of Health v. Buckner*, 950 S.W.2d 216, 218 (Tex.App.-Fort Worth 1997, no pet.).

11. *In re A.P.*, 59 S.W.3d 387, 389, 391–92 (Tex.App.-Fort Worth 2001, no pet.) (applying criminal standards of review to legal and factual sufficiency challenges during the adjudication phase); *In re J.S.*, 35 S.W.3d 287, 292 (Tex.App.-Fort Worth 2001, no pet.) (applying criminal standard of review to legal sufficiency challenge during the adjudication phase); *but see In re J.K.R.*, 986 S.W.2d 278, 281

yond a reasonable doubt that the juvenile engaged in delinquent conduct.[12] The State bears the same burden in a criminal case at guilt-innocence.[13] But in the punishment phase in a criminal case, absent a statutorily prescribed exception, the State has no burden of proof.[14] Similarly, the Texas Family Code does not impose any burden of proof on the State at the disposition phase of a juvenile proceeding.[15] We therefore apply the civil standards when reviewing the legal and factual sufficiency of the findings at the disposition phase.[16] Our use of these standards follows the procedural requirements of the Texas Family Code, appropriately empowers the trial court to use its discretion to make the findings, and affords no less protection to the juvenile than an adult defendant has at the punishment phase in a criminal case.[17]

### a. Standard of Review: Legal Sufficiency

 In determining a "no-evidence" point, we are to consider only the evidence

and inferences that tend to support the finding and disregard all evidence and inferences to the contrary.[18] Anything more than a scintilla of evidence is legally sufficient to support the finding.[19] There is some evidence when the proof supplies a reasonable basis on which reasonable minds may reach different conclusions about the existence of the vital fact.[20]

### b. Standard of Review: Factual Sufficiency

 An assertion that the evidence is "insufficient" to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.[21] We are required to consider all of the evidence in the case in making this

(Tex.App.-Eastland 1998, pet. denied) (applying civil "no evidence" standard).

12. TEX. FAM.CODE ANN. § 54.03(f) (Vernon Supp.2002); *In re A.P.*, 59 S.W.3d at 389; *In re J.S.*, 35 S.W.3d at 292.

13. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Hankins v. State*, 646 S.W.2d 191, 199 (Tex. Crim.App.1983); *Jones v. State*, 850 S.W.2d 223, 225 (Tex.App.-Fort Worth 1993, writ ref'd).

14. *See McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 2419, 91 L.Ed.2d 67 (1986) ("[s]entencing courts have traditionally heard evidence and found facts without any prescribed burden of proof at all"); *Fields v. State*, 1 S.W.3d 687, 688 n. 3 (Tex.Crim.App. 1999) (citing *McMillan*); *Grunsfeld v. State*, 843 S.W.2d 521, 537, 569 n. 19 (Tex.Crim. App.1992) (stating that "there is no burden of proof on the 'issue' of punishment").

15. *In re T.K.E.*, 5 S.W.3d at 785.

16. *See id.; In re A.S.*, 954 S.W.2d at 861 n. 3; *In re K.L.C.*, 972 S.W.2d 203, 206 (Tex.App.-Beaumont 1998, no pet.).

17. *In re T.K.E.*, 5 S.W.3d at 785; *see* TEX. FAM.CODE ANN. § 51.17(a) (Vernon Supp.2002) (providing that except for the State's burden of proof at adjudication, the Texas Rules of Civil Procedure govern absent a conflict with the Juvenile Justice Code); *id.* § 56.01(b) (Vernon Supp.2002) (stating that "requirements governing an appeal are as in civil cases generally").

18. *Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex.2001); *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex.1996); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

19. *Cazarez*, 937 S.W.2d at 450; *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex.1996).

20. *Orozco v. Sander*, 824 S.W.2d 555, 556 (Tex.1992).

21. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

determination.[22] But generally, we do not have to detail supporting evidence when upholding the factual sufficiency of the evidence underlying the trial court's judgment.[23]

### 2. The Mandatory Findings

Section 54.04(i) of the Texas Family Code sets out the mandatory findings that the trial court must make to commit a child to TYC. It thus informs the court's discretion.[24] At the time of the offense, that section provided:

> (i) If the court places the child on probation outside the child's home or commits the child to the Texas Youth Commission, the court shall include in its order its determination that:
>
> (1) it is in the child's best interests to be placed outside the child's home;
>
> (2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and
>
> (3) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.[25]

### 3. Application of the Law to the Facts

 The trial court made the mandatory findings in the disposition order. Evidence showed that Appellant had been sexually assaulted by a family member. He was in victim counseling when he sexually assaulted the six-year-old son of his mother's boyfriend. He admitted that he had sexually assaulted the six-year-old on several occasions. Soon after the offense, his mother sent him to live with a former stepfather in another state because she believed he could better control and supervise Appellant. During the several months between his commission of the offense and the adjudication hearing, neither Appellant's mother nor his former stepparent managed to get Appellant into counseling for his behavior.

Regarding disposition options, the evidence showed that Cooke County Juvenile Detention Center was not prepared to house Appellant on a long-term basis; the Grayson County boot camp had rejected him for "safety" reasons; Collin County did not accept out-of-county placements; and the Lena Pope facility no longer accepted juvenile sex offenders. Appellant's mother's plan of supervision included having Appellant ride with her as she drove a school bus before and after school. Ron Perrett, a licensed social worker who interviewed Appellant, recommended TYC placement because it provided comprehensive, long-term treatment in a confined setting. Appellant expressed no remorse for the offense.

We hold that the evidence available at disposition is legally sufficient evidence that the commitment was in Appellant's best interest, that reasonable efforts were made to prevent or eliminate the need for his removal from his home and to make it possible for him to return there, and that he could not be provided with the level of care, support, and supervision at home

22. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex.), *cert. denied*, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998).

23. *Ellis County State Bank v. Keever*, 888 S.W.2d 790, 794 (Tex.1994).

24. *In re T.K.E.*, 5 S.W.3d at 784.

25. Act effective Sept. 1, 1993, 73d Leg., R.S., ch. 1048, § 1(i), 1993 Tex. Gen. Laws 4473, 4474 (amended 2001) (current version at Tex. Fam.Code Ann. § 54.04(i)(1)(A) (Vernon Supp. 2002)).

that he would need to successfully complete probation. The evidence was thus legally sufficient to support the findings required by section 54.04(i). We further hold that the evidence supporting those findings is not so weak, and the evidence to the contrary is not so overwhelming, that the findings should be set aside. We overrule Appellant's first and second points on appeal.

## B. The Indeterminate Sentence

▆ In his third point on appeal, Appellant argues that the trial court's commitment of Appellant to TYC for an indeterminate length of time, but no longer than his twenty-first birthday, constituted cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution and Article I, section 13 of the Texas Constitution even though the sentence was within the statutory limits. But Appellant does not indicate in his brief where he made a corresponding objection at the trial level, and we cannot find such an objection in our own review of the record. Without such objection, error, if any, is waived.[26] We therefore overrule Appellant's third point.

## C. The Therapist's Report

▆ In his fourth point on appeal, Appellant argues that the trial court committed reversible error by admitting the social worker's records into evidence over trial counsel's hearsay objection. Trial counsel had access to the records before the hearing.

▆ A trial court's rulings in admitting or excluding evidence are reviewed under an abuse of discretion standard.[27] An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis in the record for the ruling.[28] Section 54.04(b) provides that "the juvenile court may consider written reports from ... professional consultants" and that the reports must be provided to the child's attorney before the hearing.[29] Thus, this statute provides an explicit exception to the hearsay rule.[30] We hold that the trial court did not abuse its discretion and overrule Appellant's fourth point.

## III. CONCLUSION

Having overruled Appellant's four points on appeal, we affirm the trial court's judgment.

▆

**26.** Tex.R.App. P. 33.1; *Romero v. State*, 927 S.W.2d 632, 636 n. 2 (Tex.1996); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996).

**27.** *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527–28 (Tex.2000).

**28.** *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.1998).

**29.** Tex. Fam.Code Ann. § 54.04(b) (Vernon Supp.2002).

**30.** *In re J.A.W.*, 976 S.W.2d 260, 264–65 (Tex. App.-San Antonio 1998, no pet.); *In re A.F.*, 895 S.W.2d 481, 485 (Tex.App.-Austin 1995, no writ).