COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-254-CV
 
 
  
IN 
THE MATTER OF K.W.L.
 
  
  
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        K.W.L., 
a juvenile, was adjudicated to have engaged in delinquent conduct and was 
committed to the Texas Youth Commission (“TYC”) for an indeterminate period.[2]  He appeals from the disposition order only.  We 
will affirm.
        The 
parties are familiar with the facts of this case and the applicable law is 
well-settled.
        In 
two points, K.W.L. contends that the evidence is legally and factually 
insufficient to support the trial court’s findings that (1) it was in his best 
interests to be placed outside his home and (2) reasonable efforts were made to 
prevent or eliminate the need for his removal from his home.  See Tex. Fam. Code Ann. § 54.04(i)(1)(A), 
(B) (Vernon Supp. 2004).  Having reviewed the evidence under the applicable 
standards of review,[3] we conclude that there is both 
legally and factually sufficient evidence to support the trial court’s 
findings, including but not limited to K.W.L.’s eight referrals to the 
juvenile court; four delinquent adjudications; and the fact that K.W.L. 
committed the present offense while he was on his third term of probation and 
living at home.  See In re C.S.C., No. 04-03-00363-CV, 2003 WL 
23092999, at *1 (Tex. App.—San Antonio Dec. 31, 2003, no pet.) (mem. op.) 
(affirming appellant’s commitment to TYC where he “was given multiple 
opportunities to modify his behavior and to obtain adequate supervision at home, 
but he had failed to do so”); In re C.R.H., No. 03-02-00238-CV, 2003 WL 
192103, at *2 (Tex. App.—Austin Jan. 30, 2003, no pet.) (mem. op.) (holding 
that history of failed compliance with terms of probation and repeated offenses 
indicated that probation had failed to rehabilitate juvenile’s delinquent 
behavior). We overrule K.W.L.’s two points.
        Having 
overruled both of K.W.L.’s points, we affirm the trial court’s judgment.

 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
DELIVERED: 
June 3, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
K.W.L. pleaded true to an allegation of criminal mischief for breaking the 
window of a business. See Tex. 
Penal Code Ann. § 28.03 (Vernon Supp. 2004)
3.  
In re C.J.H., 79 S.W.3d 698, 702-03 (Tex. App.—Fort Worth 2002, no 
pet.) (in appeal from juvenile disposition, we apply civil standards of review 
for legal and factual sufficiency of the evidence, which are both relevant 
factors in determining whether trial court abused its discretion).