In re K.W.L.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-254-CV

IN THE MATTER OF K.W.L. 

------------

FROM THE 323
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

K.W.L., a juvenile, was adjudicated to have engaged in delinquent conduct and was committed to the Texas Youth Commission (“TYC”) for an indeterminate period.
(footnote: 2)  He appeals from the disposition order only.  We will affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled.

In two points, K.W.L. contends that the evidence is legally and factually insufficient to support the trial court’s findings that (1) it was in his best interests to be placed outside his home and (2) reasonable efforts were made to prevent or eliminate the need for his removal from his home.  
See
 
Tex. Fam. Code Ann.
 § 54.04(i)(1)(A), (B) (Vernon Supp. 2004).  
Having reviewed the evidence under the applicable standards of review,
(footnote: 3) we conclude that there is both legally and factually sufficient evidence to support the trial court’s findings, including but not limited to K.W.L.’s eight referrals to the juvenile court; four delinquent adjudications; and the fact that K.W.L. committed the present offense while he was on his third term of probation and living at home.  
See In re C.S.C.
, No. 04-03-00363-CV, 2003 WL 23092999, at *1 (Tex. App.—San Antonio Dec. 31, 2003, no pet.) (mem. op.) (affirming appellant’s commitment to TYC where he “was given multiple opportunities to modify his behavior and to obtain adequate supervision at home, but he had failed to do so”); 
In re C.R.H.
, No. 03-02-00238-CV, 2003 WL 192103, at *2 (Tex. App.—Austin Jan. 30, 2003, no pet.) (mem. op.) (holding that history of failed compliance with terms of probation and repeated offenses indicated that probation had failed to rehabilitate juvenile’s delinquent behavior).  We overrule K.W.L.’s two points.

Having overruled both of K.W.L.’s points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED: June 3, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
K.W.L. pleaded true to an allegation of criminal mischief for breaking the window of a business.  
See
 
Tex. Penal Code Ann.
 § 28.03 (Vernon Supp. 2004) 

3:
In re C.J.H.
, 79 S.W.3d 698, 702-03 (Tex. App.—Fort Worth 2002, no pet.) (in appeal from juvenile disposition, we apply civil standards of review for legal and factual sufficiency of the evidence, which are both relevant factors in determining whether trial court abused its discretion).