Rickey Lynn Sims v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.   2-04-053-CR

2-04-054-CR

RICKEY LYNN SIMS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In April 1994, a Denton County grand jury returned an indictment against Appellant Rickey Lynn Sims charging him with one count of aggravated sexual assault and two counts of indecency with a child.  Pursuant to a plea bargain, Sims pleaded nolo contendere to the offenses and was placed on eight years of deferred adjudication community supervision.  In May 1995, the State moved to proceed with an adjudication of guilt, alleging Sims had violated numerous conditions of his community supervision.  The trial court proceeded to adjudicate Sims guilty of two counts of indecency with a child, sentenced him to ten years’ confinement, and suspended the sentence, placing Sims on community supervision.

In June 2003, the State moved to revoke Sims’s community supervision, alleging that Sims had violated multiple conditions of his community supervision.  Additionally, in August 2003, Sims was indicted for failing to register as a sex offender.  
Sims pleaded guilty to failing to register as a sex offender, and the trial court sentenced him to twenty years’ confinement, the maximum sentence proscribed by law.  Sims also pleaded true to the allegations set forth in the State’s motion to revoke his community supervision, and the trial court sentenced him to ten years’ confinement on the two initial charges of indecency with a child. 

At the punishment hearing, the State elicited testimony from the community supervision officer assigned to the sex offender cases in Denton County.  She testified that during the time that she has managed Sims’s case, he has been “defiant,” “arrogant,” “extremely narcissistic,” and “[h]e refuses to see that there’s any work on him that needs to be done.”  She further testified that while Sims is religious, “[h]e uses religion as an excuse to avoid being accountable for his behavior.” 

Sims called a number of character witnesses, including two former co-workers.  Each testified that Sims has a good character and was a fine worker. Sims also called members of his family to relate their opinion of his character.  His mother, sister, two brothers, and biological daughter testified. 
 
Sims’s daughter, the victim in Sims’s  indecency offenses, nonetheless testified that Sims has a good character, that he has always been there for her, and that she cares for him.  She further learned for the first time at trial that her stepsisters were also victimized by Sims. 

In a single point, Sims complains that the trial court’s imposition of sentences of ten and twenty years’ confinement, respectively, for the above mentioned offenses constitutes cruel and unusual punishment pursuant to the United States and Texas Constitutions
. 
 We will affirm.

Sims argues that the sentences imposed by the trial court constitute cruel and unusual punishment under the federal and state constitutions because they are “grossly disproportionate” to the offenses committed.  
See 
U.S. 
Const.
 amend. VIII; 
Tex. Const. 
art. I, § 13.  Sims reasons that despite the gravity of the offenses to which he pleaded guilty and true, the sentences do not accurately reflect the fact that he attended sex offender counseling from September 1998 to 2003, that he reported to and made payments to his community supervision officer from 1995 to 2003, and that “[n]umerous witnesses testified that [he] was trustworthy, honest, dependable and a good provider.”  The State maintains that Sims waived any complaint that his sentences constitute cruel and unusual punishment and that, nevertheless, the sentences imposed are not disproportionate to the crimes he committed.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Preservation of error is a systemic requirement that this court should review on its own motion.  
Martinez v. State
, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); 
Hughes v. State
, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh’g), 
cert. denied
, 511 U.S. 1152 (1994).

The record does not demonstrate that Sims objected to the trial court’s sentences at the punishment phase of the trial or filed a post-trial motion complaining of the sentences.  The fact that Sims’s argument rests upon the constitutional ground of cruel and unusual punishment does not excuse him of the necessity of preserving error for appellate review.  
See Rhoades v. State
, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (reasoning that constitutional rights, including the right to be free from cruel and unusual punishment, may be waived); 
In re C.J.H.
, 79 S.W.3d 698, 705 (Tex. App.—Fort Worth 2002, no pet.).  Accordingly, Sims forfeited this point for our review.  
See
 
Tex. R. App. P.
 33.1(a)(1).  Having determined that Sims’s sole point is not preserved for our review, we affirm the trial court’s judgments.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 2, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.