COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-053-CR
                                                  2-04-054-CR
  
  
RICKEY 
LYNN SIMS                                                               APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 16TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        In 
April 1994, a Denton County grand jury returned an indictment against Appellant 
Rickey Lynn Sims charging him with one count of aggravated sexual assault and 
two counts of indecency with a child. Pursuant to a plea bargain, Sims pleaded 
nolo contendere to the offenses and was placed on eight years of deferred 
adjudication community supervision. In May 1995, the State moved to proceed with 
an adjudication of guilt, alleging Sims had violated numerous conditions of his 
community supervision. The trial court proceeded to adjudicate Sims guilty of 
two counts of indecency with a child, sentenced him to ten years’ confinement, 
and suspended the sentence, placing Sims on community supervision.
        In 
June 2003, the State moved to revoke Sims’s community supervision, alleging 
that Sims had violated multiple conditions of his community supervision. 
Additionally, in August 2003, Sims was indicted for failing to register as a sex 
offender. Sims pleaded guilty to failing to register as a sex offender, and the 
trial court sentenced him to twenty years’ confinement, the maximum sentence 
proscribed by law. Sims also pleaded true to the allegations set forth in the 
State’s motion to revoke his community supervision, and the trial court 
sentenced him to ten years’ confinement on the two initial charges of 
indecency with a child.
        At 
the punishment hearing, the State elicited testimony from the community 
supervision officer assigned to the sex offender cases in Denton County. She 
testified that during the time that she has managed Sims’s case, he has been 
“defiant,” “arrogant,” “extremely narcissistic,” and “[h]e refuses 
to see that there’s any work on him that needs to be done.” She further 
testified that while Sims is religious, “[h]e uses religion as an excuse to 
avoid being accountable for his behavior.”
        Sims 
called a number of character witnesses, including two former co-workers. Each 
testified that Sims has a good character and was a fine worker. Sims also called 
members of his family to relate their opinion of his character. His mother, 
sister, two brothers, and biological daughter testified. Sims’s daughter, the 
victim in Sims’s indecency offenses, nonetheless testified that Sims has a 
good character, that he has always been there for her, and that she cares for 
him. She further learned for the first time at trial that her stepsisters were 
also victimized by Sims.
        In 
a single point, Sims complains that the trial court’s imposition of sentences 
of ten and twenty years’ confinement, respectively, for the above mentioned 
offenses constitutes cruel and unusual punishment pursuant to the United States 
and Texas Constitutions. We will affirm.
        Sims 
argues that the sentences imposed by the trial court constitute cruel and 
unusual punishment under the federal and state constitutions because they are 
“grossly disproportionate” to the offenses committed. See U.S. Const. amend. VIII; Tex. Const. art. I, § 13. Sims reasons 
that despite the gravity of the offenses to which he pleaded guilty and true, 
the sentences do not accurately reflect the fact that he attended sex offender 
counseling from September 1998 to 2003, that he reported to and made payments to 
his community supervision officer from 1995 to 2003, and that “[n]umerous 
witnesses testified that [he] was trustworthy, honest, dependable and a good 
provider.” The State maintains that Sims waived any complaint that his 
sentences constitute cruel and unusual punishment and that, nevertheless, the 
sentences imposed are not disproportionate to the crimes he committed.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) 
(op. on reh’g), cert. denied, 526 U.S. 1070 (1999). Preservation of 
error is a systemic requirement that this court should review on its own motion. 
Martinez v. State, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); Hughes 
v. State, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh’g), cert. 
denied, 511 U.S. 1152 (1994).
        The 
record does not demonstrate that Sims objected to the trial court’s sentences 
at the punishment phase of the trial or filed a post-trial motion complaining of 
the sentences. The fact that Sims’s argument rests upon the constitutional 
ground of cruel and unusual punishment does not excuse him of the necessity of 
preserving error for appellate review. See Rhoades v. State, 934 S.W.2d 
113, 120 (Tex. Crim. App. 1996) (reasoning that constitutional rights, including 
the right to be free from cruel and unusual punishment, may be waived); In re 
C.J.H., 79 S.W.3d 698, 705 (Tex. App.—Fort Worth 2002, no pet.). 
Accordingly, Sims forfeited this point for our review. See Tex. R. App. P. 33.1(a)(1). Having 
determined that Sims’s sole point is not preserved for our review, we affirm 
the trial court’s judgments.
  
  
                                                          PER 
CURIAM
 
 
PANEL 
F:   WALKER, J.; CAYCE, C.J.; and MCCOY, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
December 2, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.