Opinion filed August 20, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed August 20,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00164-CV

                                                       ________

 

                            IN
THE MATTER OF J.D.B., A JUVENILE

 



 

                                               On
Appeal from the County Court                      

                                                          Jones
County, Texas                      

                                                     Trial
Court Cause No. 1366

 



 

                                  M E M O R A N D U M   O P I N I O N

The
jury found that J.D.B. engaged in delinquent conduct by committing the offense
of indecency with a ten-year-old child.  The juvenile court placed J.D.B. on
probation and committed him to Rockdale Juvenile Justice Center for
sex-offender treatment.  We affirm.

                                                               Background
Facts








J.D.B.
was spending the night with six other children and juveniles.  The State
alleged that he touched the breasts of one child and fondled the buttocks of
another.  The children were in the living room watching movies while the victim=s parents were in their
bedroom.  J.D.B. was sixteen years old.  He laid on the floor next to a
ten-year-old girl (the victim) and an eleven-year-old girl.  The State
contended that J.D.B. began touching the young girls.  J.D.B. first touched the
victim=s breasts over
and under her shirt, and he continued even after she told him to stop.  The two
girls switched places, and J.D.B. began groping the eleven-year-old girl=s buttocks.  She became
uncomfortable, so the girls switched places again.  J.D.B. molested the victim
again before leaving for another friend=s
house.  After he left, the girls woke up and confided in the victim=s step-cousin who was close
by on a couch.  When J.D.B. returned the next morning to pick up some CDs that
he had left, the girls woke up the victim=s
parents.

The
State alleged that J.D.B. intentionally or knowingly engaged in sexual contact
with both girls with the intent to arouse or gratify his sexual desire.  The
jury found that J.D.B. indecently touched the victim, but not the
eleven-year-old girl.

                                                                         Issues

J.D.B.
presents two issues on appeal.  First, he alleges that the evidence was legally
or factually insufficient to support his adjudication for indecency with a
child by contact.  Second, he contends that the trial court abused its
discretion when it placed him outside of his home to receive sex-offender
treatment.

                                                      Legal
and Factual Sufficiency

J.D.B.
argues that the evidence is legally and factually insufficient to support his
adjudication and that the trial court erred by denying his motion for a
directed verdict because of the absence of evidence showing physical
manifestations of arousal, which he claims are necessary to establish that he
touched the victim with the intent to gratify his sexual desire.

The
appellate court applies the criminal standard of review to challenges to the
sufficiency of the evidence to support the adjudication of a juvenile as a
delinquent.  In re T.E.G., 222 S.W.3d 677, 678 (Tex. App.CEastland 2007, no pet.). 
To determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To
determine if the evidence is factually sufficient, we must review all the
evidence in a neutral light to determine whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson v. State, 204 S.W.3d 404, 414-15
(Tex. Crim. App. 2006).   








A
person commits the offense of indecency with a child by contact if he engages
in sexual conduct with a child younger than seventeen years of age and not his
spouse.  Tex. Penal Code
Ann. ' 21.11(c)(2)
(Vernon 2003).  Sexual conduct is defined as any touching of the anus or breast
of another person with the intent to gratify or arouse the sexual desire of any
person.  Tex. Penal Code
Ann. _ 21.02(2) (Vernon
2003).  The specific intent to arouse or gratify the sexual desire of a person
can be inferred from conduct, remarks, or all of the surrounding
circumstances.  Laster v. State, 275 S.W.3d 512, 519-20 (Tex. Crim. App.
2009); McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981).  A
defendant=s conduct
alone is sufficient to demonstrate intent.  McKenzie, 617 S.W.2d at
216.  Further, the uncorroborated testimony of a child is sufficient to support
a conviction for indecency with a child.  Tex.
Code Crim. Proc. Ann.
art. 38.07 (Vernon 2005).

The
two young girls testified that J.D.B. touched them late at night when the other
children were asleep and the adults were in another room.  The older girl
testified that J.D.B. dragged his hand from her leg to her buttocks.  The
victim testified that J.D.B. repeatedly touched her breasts, his actions hidden
under a blanket, and that her attempts to push him aside were ignored.  J.D.B.
claimed in his statement and in his trial testimony that it was the girls who
made advances toward him and that he left the house to escape their advances.  

The
trial court did not err by denying J.D.B.=s
motion for directed verdict because the girls=
testimony alone presented a disputed fact issue for the jury to resolve.  S.V.
v. R.V., 933 S.W.2d 1, 9 (Tex. 1996).  The jury was then free to believe
the young girls=
testimony and to disbelieve J.D.B.=s
testimony.  See Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000) (the jury as the sole judge of the credibility of witnesses is free to
believe and reject any or all evidence presented to them).  Because intent can
be inferred from conduct, remarks, or surrounding circumstances, J.D.B.=s argument that evidence of
facial gestures, verbalization, Aerection, 
ejaculation or nakedness@
was necessary is incorrect.  Assuming that the jury resolved the conflicting
evidence against J.D.B., it could rationally find intent beyond a reasonable
doubt.  When the evidence is viewed in a neutral light, it is not so weak as to
be clearly wrong and manifestly unjust, nor is there contrary evidence that
makes the finding of guilt against the great weight and preponderance of the
evidence.  J.D.B.=s
first issue is overruled.

                                                           Sex-Offender
Treatment

J.D.B.
next complains that the evidence is insufficient to show that he needed to be
sent away from home to a lock-down sex-offender treatment program.  He argues
that other less restrictive placements were not considered.








Following
an adjudication, a juvenile court has broad discretion to determine
disposition.  In re C.J.H., 79 S.W.3d 698, 702 (Tex. App.CFort Worth 2002, no pet.). 
In reviewing a court=s
decision, we will not reverse a disposition unless the court abused its
discretion.  Id.  Abuse of discretion is determined by whether the court
acted without reference to any guiding rules or principles.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  The mere
fact that a trial court decided a matter within its discretionary authority
differently than an appellate judge does not demonstrate that an abuse of
discretion has occurred.  Id.  Under an abuse of discretion standard,
legal and factual sufficiency are relevant factors in assessing whether the
trial court abused its discretion.  In re C.G., 162 S.W.3d 448, 452
(Tex. App.CDallas
2005, no pet.).

We
utilize a civil standard of review when reviewing the legal and factual
sufficiency of a disposition order in a juvenile case.  T.E.G., 222
S.W.3d at 678.  In a legal sufficiency analysis, the evidence to support the
trial court=s findings
are considered in the light most favorable to the findings, and all reasonable
inferences are indulged.  Id. at 679.   The trier of fact is the sole
judge of the witnesses=
credibility and the weight to be given their testimony, and we cannot
substitute our judgment for that of the trier of fact so long as the evidence
falls within the zone of reasonable disagreement.  Id.  Also, in
reviewing for abuse of discretion with respect to factual sufficiency, we
consider all of the evidence and set aside a juvenile court=s disposition only if it is
so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust.  Id.

No
disposition placing a child outside the child=s
home may be made unless the trial court finds and includes in its disposition
order that the removal was in the child=s
best interest, that reasonable efforts were made to eliminate the need for
removal, and that the child B
in the child=s home B cannot be provided the
quality of care and level of support and supervision necessary to meet the
conditions of probation.  Tex. Fam. Code
Ann. _ 54.04 (Vernon 2008). At the disposition hearing, a
court may consider reports from probation officers in addition to the testimony
of witnesses.  Section 54.04(b). 








The
juvenile court did not abuse its discretion by placing J.D.B. outside his
home.  J.D.B.=s
probation officer testified that, while under his supervision, J.D.B. received
failing grades in school and had been suspended on four separate occasions. 
J.D.B. was sent to his school=s
alternative education program for thirty days, but his behavior increased his
stay in the program by an additional forty-five days.  The probation officer
also testified that J.D.B. had violated conditions of his release by
associating with prohibited people and by refusing counseling.  J.D.B.=s mother outlined the legal
problems her son had had when they lived in Mississippi, and she explained that
J.D.B.=s behavioral
issues could be blamed on his ADHD.  Melissa Moseley of the Jones County
Juvenile Probation Department assessed J.D.B. and his family and recommended
that he be placed on probation until his eighteenth birthday and that he
undergo sex-offender treatment outside the home in the Rockdale facility.  She
testified that other programs were considered but that most would not accept
J.D.B. or did not fit his needs as well as the Rockdale facility.

J.D.B.
requested an alternative placement by placing him with his uncle=s family.  His uncle
testified that J.D.B. had lived with him before and that he could provide the
care, support, and supervision he needed.

Taking
into consideration all the evidence, the trial court did not abuse its
discretion when it decided to remove J.D.B. from his home.  The evidence showed
that J.D.B. had problems obeying authority.  The trial court could rationally
conclude that J.D.B.=s
mother enabled his behavior and that she could not control him.  The trial
court could also rationally conclude that J.D.B. would be unable to complete a
less restrictive sex-offender treatment program and that he needed treatment at
a lock-down facility.  The disposition was legally and factually sufficient
because it falls within the zone of reasonable disagreement and is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  Accordingly, J.D.B.=s
second issue is overruled.   

                                                                     Conclusion

The
judgment of the trial court is affirmed.                                                                                                         

 

RICK STRANGE

JUSTICE

August 20, 2009

Panel consists of:  Wright, C.J.,


McCall, J., and Strange, J.