**Opinion filed August 20, 2009**



In The

# Eleventh Court of Appeals

———————

## No. 11-08-00164-CV

———————

## IN THE MATTER OF J.D.B., A JUVENILE

**On Appeal from the County Court**
**Jones County, Texas**
**Trial Court Cause No. 1366**

### M E M O R A N D U M   O P I N I O N

The jury found that J.D.B. engaged in delinquent conduct by committing the offense of indecency with a ten-year-old child. The juvenile court placed J.D.B. on probation and committed him to Rockdale Juvenile Justice Center for sex-offender treatment. We affirm.

*Background Facts*

J.D.B. was spending the night with six other children and juveniles. The State alleged that he touched the breasts of one child and fondled the buttocks of another. The children were in the living room watching movies while the victim's parents were in their bedroom. J.D.B. was sixteen years old. He laid on the floor next to a ten-year-old girl (the victim) and an eleven-year-old girl. The State contended that J.D.B. began touching the young girls. J.D.B. first touched the victim's breasts over and under her shirt, and he continued even after she told him to stop. The two girls switched places, and J.D.B. began groping the eleven-year-old girl's buttocks. She became uncomfortable, so the girls switched places again. J.D.B. molested the victim again before leaving for another friend's house. After he left, the girls woke up and confided in the victim's step-cousin

who was close by on a couch. When J.D.B. returned the next morning to pick up some CDs that he had left, the girls woke up the victim's parents.

The State alleged that J.D.B. intentionally or knowingly engaged in sexual contact with both girls with the intent to arouse or gratify his sexual desire. The jury found that J.D.B. indecently touched the victim, but not the eleven-year-old girl.

*Issues*

J.D.B. presents two issues on appeal. First, he alleges that the evidence was legally or factually insufficient to support his adjudication for indecency with a child by contact. Second, he contends that the trial court abused its discretion when it placed him outside of his home to receive sex-offender treatment.

*Legal and Factual Sufficiency*

J.D.B. argues that the evidence is legally and factually insufficient to support his adjudication and that the trial court erred by denying his motion for a directed verdict because of the absence of evidence showing physical manifestations of arousal, which he claims are necessary to establish that he touched the victim with the intent to gratify his sexual desire.

The appellate court applies the criminal standard of review to challenges to the sufficiency of the evidence to support the adjudication of a juvenile as a delinquent. *In re T.E.G.*, 222 S.W.3d 677, 678 (Tex. App.—Eastland 2007, no pet.). To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all the evidence in a neutral light to determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

A person commits the offense of indecency with a child by contact if he engages in sexual conduct with a child younger than seventeen years of age and not his spouse. TEX. PENAL CODE ANN. § 21.11(c)(2) (Vernon 2003). Sexual conduct is defined as any touching of the anus or breast of another person with the intent to gratify or arouse the sexual desire of any person. TEX. PENAL CODE ANN. § 21.02(2) (Vernon 2003). The specific intent to arouse or gratify the sexual desire of

2

a person can be inferred from conduct, remarks, or all of the surrounding circumstances. *Laster v. State*, 275 S.W.3d 512, 519-20 (Tex. Crim. App. 2009); *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981). A defendant's conduct alone is sufficient to demonstrate intent. *McKenzie*, 617 S.W.2d at 216. Further, the uncorroborated testimony of a child is sufficient to support a conviction for indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005).

The two young girls testified that J.D.B. touched them late at night when the other children were asleep and the adults were in another room. The older girl testified that J.D.B. dragged his hand from her leg to her buttocks. The victim testified that J.D.B. repeatedly touched her breasts, his actions hidden under a blanket, and that her attempts to push him aside were ignored. J.D.B. claimed in his statement and in his trial testimony that it was the girls who made advances toward him and that he left the house to escape their advances.

The trial court did not err by denying J.D.B.'s motion for directed verdict because the girls' testimony alone presented a disputed fact issue for the jury to resolve. *S.V. v. R.V.*, 933 S.W.2d 1, 9 (Tex. 1996). The jury was then free to believe the young girls' testimony and to disbelieve J.D.B.'s testimony. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000) (the jury as the sole judge of the credibility of witnesses is free to believe and reject any or all evidence presented to them). Because intent can be inferred from conduct, remarks, or surrounding circumstances, J.D.B.'s argument that evidence of facial gestures, verbalization, "erection, ejaculation or nakedness" was necessary is incorrect. Assuming that the jury resolved the conflicting evidence against J.D.B., it could rationally find intent beyond a reasonable doubt. When the evidence is viewed in a neutral light, it is not so weak as to be clearly wrong and manifestly unjust, nor is there contrary evidence that makes the finding of guilt against the great weight and preponderance of the evidence. J.D.B.'s first issue is overruled.

*Sex-Offender Treatment*

J.D.B. next complains that the evidence is insufficient to show that he needed to be sent away from home to a lock-down sex-offender treatment program. He argues that other less restrictive placements were not considered.

Following an adjudication, a juvenile court has broad discretion to determine disposition. *In re C.J.H.*, 79 S.W.3d 698, 702 (Tex. App.—Fort Worth 2002, no pet.). In reviewing a court's decision, we will not reverse a disposition unless the court abused its discretion. *Id*. Abuse of

3

discretion is determined by whether the court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial court decided a matter within its discretionary authority differently than an appellate judge does not demonstrate that an abuse of discretion has occurred. *Id.* Under an abuse of discretion standard, legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion. *In re C.G.*, 162 S.W.3d 448, 452 (Tex. App.—Dallas 2005, no pet.).

We utilize a civil standard of review when reviewing the legal and factual sufficiency of a disposition order in a juvenile case. *T.E.G.*, 222 S.W.3d at 678. In a legal sufficiency analysis, the evidence to support the trial court's findings are considered in the light most favorable to the findings, and all reasonable inferences are indulged. *Id.* at 679. The trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we cannot substitute our judgment for that of the trier of fact so long as the evidence falls within the zone of reasonable disagreement. *Id.* Also, in reviewing for abuse of discretion with respect to factual sufficiency, we consider all of the evidence and set aside a juvenile court's disposition only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.*

No disposition placing a child outside the child's home may be made unless the trial court finds and includes in its disposition order that the removal was in the child's best interest, that reasonable efforts were made to eliminate the need for removal, and that the child – in the child's home – cannot be provided the quality of care and level of support and supervision necessary to meet the conditions of probation. TEX. FAM. CODE ANN. § 54.04 (Vernon 2008). At the disposition hearing, a court may consider reports from probation officers in addition to the testimony of witnesses. Section 54.04(b).

The juvenile court did not abuse its discretion by placing J.D.B. outside his home. J.D.B.'s probation officer testified that, while under his supervision, J.D.B. received failing grades in school and had been suspended on four separate occasions. J.D.B. was sent to his school's alternative education program for thirty days, but his behavior increased his stay in the program by an additional forty-five days. The probation officer also testified that J.D.B. had violated conditions of his release by associating with prohibited people and by refusing counseling. J.D.B.'s mother outlined the legal problems her son had had when they lived in Mississippi, and she explained that J.D.B.'s behavioral issues could be blamed on his ADHD. Melissa Moseley of the Jones County Juvenile Probation

4

Department assessed J.D.B. and his family and recommended that he be placed on probation until his eighteenth birthday and that he undergo sex-offender treatment outside the home in the Rockdale facility. She testified that other programs were considered but that most would not accept J.D.B. or did not fit his needs as well as the Rockdale facility.

J.D.B. requested an alternative placement by placing him with his uncle's family. His uncle testified that J.D.B. had lived with him before and that he could provide the care, support, and supervision he needed.

Taking into consideration all the evidence, the trial court did not abuse its discretion when it decided to remove J.D.B. from his home. The evidence showed that J.D.B. had problems obeying authority. The trial court could rationally conclude that J.D.B.'s mother enabled his behavior and that she could not control him. The trial court could also rationally conclude that J.D.B. would be unable to complete a less restrictive sex-offender treatment program and that he needed treatment at a lock-down facility. The disposition was legally and factually sufficient because it falls within the zone of reasonable disagreement and is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Accordingly, J.D.B.'s second issue is overruled.

*Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE

August 20, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5