

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-15-00181-CV**


IN THE MATTER OF D.P., CHILD


----------


FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-101610-15

----------

## MEMORANDUM OPINION[1]

----------

The trial court found that Appellant, D.P., a juvenile, engaged in delinquent conduct by committing a felony and ordered him committed to the Texas Juvenile Justice Department (the TJJD) for an indeterminate period of time not to exceed his nineteenth birthday. In one issue, Appellant contends that the trial court abused its discretion by committing him to the TJJD instead of placing him in a residential treatment facility. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

The State filed a petition in which it alleged that Appellant had engaged in delinquent conduct by possessing a controlled substance, cocaine, in a correctional facility, a third degree felony offense. Tex. Penal Code Ann. § 38.11(d)(1), (g) (West 2011). At the adjudication hearing, Appellant stipulated to the evidence showing that the allegation was true, and the trial court found that Appellant had engaged in delinquent conduct. After hearing evidence and argument at the disposition hearing, the trial court ordered Appellant committed to the TJJD for an indeterminate period.

## Appellant's Complaints on Appeal

In one issue, Appellant argues that the trial court abused its discretion by committing him to the TJJD because the evidence was legally and factually insufficient to support the trial court's findings that (1) reasonable efforts were made to prevent or eliminate the need for his removal from home and to make it possible to return home, (2) he could not be provided the quality of care and level of support and supervision in his home that were needed to meet the conditions of probation, and (3) it was in his best interest to be placed outside his home. Additionally, Appellant complains that the trial court abused its discretion by committing him to the TJJD when a less restrictive option—sending him to the Brookhaven Youth Ranch, a residential treatment facility—was available. Specifically, he attacks the trial court's findings that there were no facilities,

services, or programs available that would meet his needs and that his educational needs could be met by the TJJD.

## Standard of Review

A juvenile court has broad discretion in determining suitable dispositions for juveniles who have been adjudicated as having engaged in delinquent conduct. *See In re J.D.P.*, 85 S.W.3d 420, 426 (Tex. App.—Fort Worth 2002, no pet.). As a reviewing court, we will thus not disturb the juvenile court's findings regarding disposition absent a clear abuse of discretion. *See id.* To determine whether a trial court has abused its discretion, we must decide whether it acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *See In re C.J.H.*, 79 S.W.3d 698, 702 (Tex. App.—Fort Worth 2002, no pet.). In appropriate cases, the legal and factual sufficiency of the evidence are relevant factors in assessing whether the trial court abused its discretion. *Id.*

Regarding the disposition phase of juvenile proceedings, we apply the civil standard of review to challenges to the sufficiency of the evidence. *J.D.P.*, 85 S.W.3d at 426. When determining whether there is legally sufficient evidence to support the finding under review, we consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *In re M.E.*, No. 02-14-00051-CV, 2014 WL 7334990, at *2 (Tex. App.—Fort Worth Dec. 23, 2014, no pet.); *see C.J.H.*, 79 S.W.3d at 703. Anything more than a scintilla of evidence supporting a

3

finding renders the evidence legally sufficient. *M.E.*, 2014 WL 7334990, at *2; *C.J.H.*, 79 S.W.3d at 703.

When reviewing attacks that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *M.E.*, 2014 WL 7334990, at *2; *C.J.H.*, 79 S.W.3d at 703.

**Evidence**

Quinton Phillips testified that he had been Appellant's probation officer since January 2013. Appellant committed the offense for which he was adjudicated one day before his seventeenth birthday. At the time of trial, Appellant was seventeen years old. Phillips explained that if Appellant committed any future offenses, the adult system, not the juvenile one, would handle Appellant.

Appellant's "Social History" showed that he had been initially adjudicated for evading arrest or detention in 2013. Appellant was adjudicated for robbery in April 2014 and had his probation for that offense extended twice, once in October 2014 and again in February 2015. Appellant had an assortment of other encounters with the juvenile justice system involving the commission of other offenses or violations of court orders.

4

Appellant had been assessed for drug problems and had been referred to outpatient drug treatment classes. Phillips testified that Appellant attended those classes "[v]ery sporadically, if at all." Appellant had been on a waiting list for residential treatment but opted for out-patient courses at his last probation extension hearing.

Phillips testified that Appellant had issues at school, both academically and behaviorally. After Appellant's release from detention, his regular high school would not allow him to re-enroll, so he transferred to Fort Worth Can Academy. Appellant had subsequently been removed from Fort Worth Can Academy after refusing to turn over his cell phone and after having verbal altercations with staff. Academic testing showed that Appellant was reading and spelling on a third-grade level and computing mathematically on only a second-grade level.

Phillips stated that Appellant had a history of running away from home, that Child Protective Services (CPS) had removed him from his mother and her boyfriend in August 2012, that both his mother and her boyfriend had tested positive for drugs on two occasions, that Appellant had been placed with his grandmother for three years, that Appellant was supposed to have stayed with his grandmother when the CPS case closed, but that Appellant had subsequently returned to his mother. At the time of trial, Appellant's mother was unemployed, and her boyfriend was believed to be incarcerated.

Phillips said that the Brookhaven Youth Ranch had accepted Appellant for placement. However, Brookhaven indicated that it would not be able to take Appellant until a month after the disposition hearing.

Also before the trial court was a psychological evaluation. The psychologist's diagnostic impressions were that Appellant had a major depressive disorder, an anxiety disorder, attention deficit hyperactivity disorder (ADHD), and polysubstance abuse issues.

**Discussion**

Regarding the trial court's findings that (1) reasonable efforts were made to prevent or eliminate the need for Appellant's removal from home and to make it possible to return home, (2) Appellant could not be provided the quality of care and level of support and supervision in his home that were needed to meet the conditions of probation, and (3) it was in Appellant's best interest to be placed outside his home, the evidence showed that Appellant had a history of running away from home, that CPS had removed Appellant from his home, that his mother and her boyfriend had tested positive for drugs on more than one occasion, that his mother was unemployed, and that her boyfriend was believed to be incarcerated.

We hold that there was more than a scintilla of evidence supporting the above three findings and, therefore, that the evidence was legally sufficient. *See M.E.*, 2014 WL 7334990, at *2; *C.J.H.*, 79 S.W.3d at 703. We also hold that the evidence supporting these findings was not so weak that they should be set

6

aside and that they are not so contrary to the overwhelming weight of all the evidence that a new trial should be ordered; therefore, we hold that the evidence supporting these findings was factually sufficient. *See M.E.*, 2014 WL 7334990, at \*2; *C.J.H.*, 79 S.W.3d at 703.

Regarding the trial court's findings that there were no facilities, services, or programs available that would meet Appellant's needs and that Appellant's educational needs could be met by the TJJD, Appellant argues that the decision to send him to the TJJD was manifestly unjust when there was a less restrictive option at the Brookhaven Youth Ranch. A trial court, however, is not required to exhaust all possible alternatives before sending a juvenile to the TJJD. *See In re J.R.C.*, 236 S.W.3d 870, 875 (Tex. App.—Texarkana 2007, no pet.). Our focus is not on whether commitment to the TJJD was a better choice than placement at the Brookhaven Youth Ranch; rather, our focus is on whether there was evidence to support the trial court's decision to commit Appellant to the TJJD. *See C.J.H.*, 79 S.W.3d at 702 (stating that merely because a trial court may decide a matter within its discretion differently than an appellate court would have in similar circumstances does not show that the trial court abused its discretion). Additionally, Appellant has not cited us any authority requiring the trial court to commit a delinquent juvenile to the least restrictive placement. When determining a suitable disposition, the trial court's discretion is broad, not restrained. *See J.D.P.*, 85 S.W.3d at 426.

Next, Appellant stresses that the psychologist who did the psychological evaluation recommended that he be considered for a residential substance-abuse placement. The psychologist made that recommendation, but he did so because the previous attempts at outpatient treatment had failed. The psychologist made many other recommendations as well, such as that Appellant needed remedial/resource services in all three core academic areas, especially in mathematics, and that Appellant continue in an alternative educational setting. The psychologist recommended that Appellant be treated with "tried-and-true psychostimulant medication for his ADHD symptomatology." The psychologist also thought Appellant could benefit from individual psychotherapy to address his anxiety and depressive issues. The psychological evaluation attempts to address Appellant's various needs but does not attempt to recommend a disposition as contemplated by the juvenile code.

The evidence showed that Appellant had drug abuse issues. The Brookhaven Youth Ranch, as a residential substance-abuse placement, could have addressed Appellant's drug issues. The evidence also showed, however, that Appellant had many other issues beyond drug abuse.

Appellant had committed multiple offenses over roughly a two-year period. Appellant had not been able to complete probation successfully. Appellant had academic issues. Appellant had behavioral issues in addition to ADHD, which required medication. The psychologist who evaluated Appellant described his presentation as having "an impulsive quality" and his concentration as "fair at

8

best." Appellant had anxiety and depressive issues that individual counseling could help. Finally, the juvenile court and juvenile resources had run out of time because Appellant had turned seventeen. The trial court no longer had the freedom to experiment. Because Appellant's issues went well beyond drugs and because Appellant was facing the adult criminal courts in the event of further difficulties, the record supports the trial court's decision to commit Appellant to the TJJD rather than place him in a residential substance-abuse facility.

For the above findings, we hold that there was more than a scintilla of evidence supporting them; we, therefore, further hold that the evidence was legally sufficient. *See M.E.*, 2014 WL 7334990, at *2; *C.J.H.*, 79 S.W.3d at 703. We also hold that the evidence supporting the above findings was not so weak that they should be set aside and that these findings are not so contrary to the overwhelming weight of all the evidence that a new trial should be ordered; therefore, we hold that the evidence supporting them was factually sufficient. *See M.E.*, 2014 WL 7334990, at *2; *C.J.H.*, 79 S.W.3d at 703.

We overrule Appellant's sole issue.

## Conclusion

Having found no merit in Appellant's arguments, we affirm the trial court's judgment.

9

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  December 22, 2016