CULBERTSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-259-CR

CLAYTON THOMAS CULBERTSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In one point, Appellant complains on appeal that his two year sentence of confinement was assessed with the knowledge of his fear to urinate in public and that this violated the ban on cruel and unusual punishment.  We will affirm.

Background and Procedural History

Appellant was charged by indictment for indecency with a child by contact.  On May 8, 2003, Appellant entered an open plea, and the trial court deferred further proceedings and placed Appellant on community supervision for a period of ten years.  On April 27, 2004, the trial court signed an order for the psychological testing of Appellant, to be given by Dr. Harry F. Klinefelter III.  Dr. Klinefelter conducted a psychological evaluation of Appellant on May 2, 2004 and sent the results of his evaluation to Maria Luna, the probation officer involved in this case.  The Community Supervision and Corrections Department (CSCD) file stamped the evaluation on May 14, 2004.  On March 4, 2004, the State filed a petition to proceed to adjudication claiming that Appellant had violated the terms and conditions of his community supervision.  On June 4, 2004, Appellant entered an open plea of “true” to each allegation contained in the petition.  Appellant also waived his right to have a court reporter make a record of the proceedings.  Thereafter, the trial court found Appellant guilty and sentenced him to two years’ imprisonment. 

Appellant claims that the trial court had knowledge of his expressed fear of going to the penitentiary because he was not able to urinate in public and that despite this knowledge sentenced him to two years’ imprisonment.  However, the State argues that this factual allegation contained in Appellant’s brief is unsupported by the record.  We agree with the State that without a record of the proceedings we are unable to say whether the trial court had the evaluation before it when sentencing Appellant.  However, the record does reveal that the trial court ordered the evaluation and it was filed with CSCD prior to Appellant’s sentencing. 

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P
. 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), 
cert. denied
, 526 U.S. 1070 (1999).  Preservation of error is a systemic requirement that this court should review on its own motion.  
Martinez v. State
, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); 
Hughes v. State
, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh'g), 
cert. denied
, 511 U. S. 1152 (1994). 

The record does not demonstrate that Appellant objected to the trial court's sentence at the punishment phase of the trial or filed a post-trial motion complaining of the sentence.  The fact that Appellant’s argument rests upon the constitutional ground of cruel and unusual punishment does not excuse him of the necessity of preserving error for appellate review.  
See Rhoades v. State
, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (reasoning that constitutional rights, including the right to be free from cruel and unusual punishment, may be waived); 
In re C.J.H.
, 79 S.W.3d 698, 705 (Tex. App.—Fort Worth 2002, no pet.).  Accordingly, Appellant forfeited this point for our review. 
See
 
Tex. R. App. P
. 33.1(a)(1).  Having determined that Appellant’s sole point is not preserved for our review, we affirm the trial court's judgment. 

PER CURIAM

PANEL B:  HOLMAN, GARDNER, and McCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  May 19, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.