# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00666-CR

**Charles Michael Taylor, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 51,289, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

Appellant Charles Michael Taylor appeals his conviction for sexual assault of a child. *See* Tex. Pen. Code Ann. ' 22.011(a)(2)(A) (West Supp. 2002). Appellant waived trial by jury and entered a plea of guilty before the court. Appellant=s punishment was assessed by the trial court at fifteen years= imprisonment.

## Issue

Appellant advances one issue in the form of a question: AWhether the appellant received a fair trial when the trial court denied him the opportunity to present relevant evidence and testimony during the sentencing portion of the trial and when the judge abandoned her neutral role and became an advocate in the adversarial process.@ We will affirm the conviction.

## Background

On August 27, 2001, appellant entered a plea of guilty to the indictment before Judge Joe Carroll. Appellant waived trial by jury and was duly admonished of the consequences of his plea by Judge Carroll. It was determined that there was no plea bargain as to the penalty to be assessed except that the State agreed to dismiss another indictment for sexual assault of a child involving a different complainant if appellant admitted his guilt of that offense and requested the trial court to take that offense into account in assessing punishment for the instant offense. *See* Tex. Pen. Code Ann. ' 12.45(a) (West 1994). Appellant=s written sworn judicial confession to the instant offense was admitted into evidence to support the guilty plea. *See* Tex. Code Crim. Proc. Ann. art. 1.15 (West Supp. 2002); *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (judicial confession alone is sufficient to satisfy requirements of article 1.15). Judge Carroll concluded that the evidence was sufficient to support appellant=s plea. At this point, however, appellant requested that a presentence investigative report be made before punishment was assessed. *See* Tex. Code Crim. Proc. Ann. art. 42.12, ' 9 (West Supp. 2002). As a result, the case was continued until October 31, 2001.[1]

On October 31, 2001, the trial resumed before Judge Martha Trudo where the proceedings were treated as a Asentencing@ hearing. The State called Margaret Rutherford, appellant=s ex-wife, who

---

[1] The Court of Criminal Appeals recently reiterated that the statute providing for bifurcated-trial procedure applies only in pleas of not guilty before the jury. *Barfield v. State*, 63 S.W.3d 446, 449-50 (Tex. Crim. App. 2001); Tex. Code Crim. Proc. Ann. art. 37.07, ' 2(a) (West 1981 & Supp. 2002). A plea of guilty before the court in a felony case is a unitary trial, but the provisions of article 42.12, section 9 frequently cause a break in the proceedings.

identified B.T., the complainant in the instant case, and S.M., the complainant in the other case against appellant, as Aher daughters.@ She related that she had been married to appellant for twenty-two years prior to the divorce, which occurred almost three years before trial. Rutherford, referring to the girls, stated: A[W]e didn=t adopt them. We got them.@ B.T. was six months old and S.M. was eighteen months old when the girls were taken into the Taylor home. B.T. was fifteen years old at the time of the alleged offense. Rutherford principally testified as to the impact of the offenses upon her and the girls. Appellant then testified, giving his version of the offense and the earlier divorce.

Although appellant=s issue on appeal is multifarious and presents nothing for review, we shall nevertheless consider it. *See Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990). First, appellant contends that the trial court denied him the opportunity to present relevant evidence at the Asentencing@ portion of the trial. This contention refers to the testimony of Margaret Rutherford. Appellant claims Rutherford=s testimony indicated that the complainant, B.T., had been Aa problem to handle@ before and after the offense in question, and that all of this was entirely appellant=s fault. Appellant urges that when he attempted to cross-examine Rutherford to show that B.T. had been referred to the juvenile authorities for setting fires, the trial court sustained the State=s relevancy objection, and he was prevented from offering relevant evidence.

When evidence is excluded, the offering party, in order to preserve error for review, must make an offer of proof or perfect a bill of exception as to the substance of the evidence excluded. Tex. R. Evid. 103(a)(2), (b); *Howard v. State*, 962 S.W.2d 119, 122 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d). This appellant did not do.

It is observed that appellant did elicit from Rutherford that she had referred B.T. to the juvenile authorities on two occasions. Rutherford, however, denied that B.T. ever set fires. There was no objection to appellant=s exhibit number four, a letter from Dr. Feroza B. Talukdar, M.D., a child/adolescent psychiatrist, with the Central Counties Center for Mental Health and Mental Retardation Services to the Children=s Mental Health Services in Temple, dated April 12, 1999. The letter stated that B.T. was in need of intense supervision and Ahas been known to set fires.@ Appellant did not preserve error for review, but the evidence appellant claims was improperly excluded found its way into evidence. There is no merit to appellant=s contention.

Appellant also complains that Rutherford, on cross-examination, volunteered an unresponsive statement that appellant beat B.T. and she Awas torn with his rape.@ Appellant made no objection to the unresponsive answer, but asked Rutherford if the Scott and White Hospital records showed B.T. suffered no trauma. Rutherford disputed that, and when appellant stated he had those records, Rutherford replied that they were not the same records shown her. The trial court then sustained the State=s objection about relitigating the facts. Appellant urges this action prevented him from disproving the claim made by Rutherford. Appellant took no other action. He did not make an offer of proof or perfect a bill of exception. *See* Tex. R. Evid. 103(a)(2), (b). He waived any error. *See Howard*, 962 S.W.2d at 122.

In the second portion of appellant=s multifarious contention or issue, appellant complains of the trial court=s interrogation of him after he had taken the witness stand at the Asentencing@ hearing. After the direct, cross, and re-direct examinations were concluded and the State had no further questions, the trial

**4**

court began its interrogation of appellant who had been somewhat evasive. It is obvious that the trial court was attempting to clarify appellant=s earlier testimony, and there was no objection to the trial court=s questioning. Nothing is presented for review. Tex. R. App. P. 33.1(a).

We do not understand appellant to be claiming fundamental error. He has not briefed the issue along those lines except to simply say that in Acases where the error was not preserved, the harm to the defendant must be egregious, that is so harmful that the defendant was denied a fair and impartial trial.@ *Almanza v. State*, 686 S.W.2d 157 (Tex. Cr. App. 1984).@ *Almanza* dealt with an interpretation of the statutory language in article 36.19 of the Texas Code of Criminal Procedure regarding jury charge error. *Id.* at 171 (op. on reh=g). It is not applicable here. *Cf. Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (holding *Almanza* sets appropriate harm analysis for jury charge error under article 36.19, not Rule 44.2).

A trial judge may question a witness in order to clarify an issue the trial judge must decide in fulfilling her fact-finding role. *In re R.P.*, 37 S.W.3d 76, 79 (Tex. App.CSan Antonio 2000, no pet.); *In re S.J.*, 940 S.W.2d 332, 338 (Tex. App.CSan Antonio 1997, no writ); *Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App.CTexarkana 1995, no pet.). These cases make clear that a trial judge should not become so entangled in questioning as to become an advocate for the State, thereby precluding the trial judge from rendering an objective finding. *R.P.*, 37 S.W.3d at 79; *S. J.*, 940 S.W.2d at 338; *Moreno*, 900 S.W.2d at 359-60.

Even if error had been preserved in the instant case, we conclude that the trial court did not become so entangled in the interrogation as to become an advocate for the State. Trial courts must be

extremely careful in engaging in the interrogation of any witness. Courts cannot be advocates for either party. The purpose of the interrogation must be proper and limited, and a court should be aware it is Askating on thin ice@ when it engages in questioning a witness.

The instant case was a bench trial on a plea of guilty. It did not involve a trial court=s comments or interrogation of a witness in the presence of a jury. *Cf. Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) (holding trial court=s comments to jury constituted error).

Appellant=s issues are overruled. The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Justices B. A. Smith, Yeakel and Onion[*]

Affirmed

Filed: May 9, 2002

Do Not Publish

**6**

\*   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov≠t Code Ann. ' 74.003(b) (West 1998).