COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-396-CV

IN THE MATTER OF J.B. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant J.B., a juvenile, appeals the trial court’s judgment revoking his probation and committing him to the Texas Youth Commission.  Because we hold that the trial court did not abuse its discretion in making this decision, we affirm.

J.B. was adjudicated delinquent for aggravated sexual assault of a child on December 1, 2005, and the trial court placed him on two years’ probation. The trial court’s order required that J.B. participate in the Specialized Treatment of Offenders Program (“STOP”), a long-term residential treatment program for juveniles who have committed sexual offenses, beginning on January 13, 2006. J.B. did not make satisfactory progress in the program’s course of sex offender treatment, so he was unsuccessfully discharged from STOP on August 23, 2006.  

The State then filed a Motion to Modify Disposition, alleging that J.B. had violated the terms of his probation and requesting the trial court to commit him to TYC.  After a hearing, the trial court found that J.B. had violated the terms and conditions of his probation by causing his unsuccessful discharge from STOP and sex offender treatment, revoked his probation, and committed him to TYC for an indeterminate sentence.  J.B. now appeals.

In his first point, J.B. complains that the trial court abused its discretion by committing him to TYC because he did not knowingly or willingly violate any valid condition of his probation.  The terms of probation imposed by the trial court are contained in an exhibit to the trial court’s order of probation, including a list of “Special Conditions” that J.B. was “to participate in and successfully complete.”  These conditions included the directive, “You will attend counseling for sex offender counseling.”  In addition, under the heading “Additional Conditions Ordered” is written, “STOP ordered.”

J.B. first argues that the language of the probation order imposing the conditions of his probation was “so defective, deficient and uncertain” that the order failed to put him on notice of what his obligations were.  However, J.B. admits that the record does not show that he objected to the conditions of probation in the trial court when they were imposed.  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  Because J.B. does not show that he objected to the conditions of probation when they were imposed, J.B. has waived any complaint about the content of the conditions of probation.  
See In re R.P.
, 37 S.W.3d 76, 80 (Tex. App.—San Antonio 2000, no pet.) (holding that juvenile waived complaint about the constitutionality of a condition of probation by failing to object to the condition in the trial court when it was imposed).

J.B. also complains that his bipolar condition and the STOP professionals’ failure to properly medicate and stabilize his mental health problems show that he did not have the capacity to understand the probation order or to violate its conditions knowingly or willfully.  While there was evidence that J.B. had been diagnosed with bipolar disorder and that his doctors changed his medication doses several times while he was in STOP, there was no evidence that these circumstances caused J.B. to be unable to comprehend the order or how his conduct would violate it.  There was, however, evidence showing the opposite—that J.B. did understand what was expected of him: Juan Lajara, J.B.’s intake probation officer, testified that when he reviewed the terms and conditions of probation with J.B. and J.B.’s mother, J.B. did not appear to have any problems understanding what Lajara was talking about because J.B. was able to explain the terms and conditions back to Lajara after Lajara initially presented them.  Accordingly, we hold that the trial court did not abuse its discretion by committing J.B. to TYC based on its finding that J.B. had violated the terms and conditions of his probation.
(footnote: 2)  
We overrule J.B.’s first point.

In his second point, J.B. argues that the trial court abused its discretion by committing J.B. to TYC because the trial court’s decision to “warehouse” him in TYC was a disposition made without reference to guiding rules, reason, and principles.  We disagree.

When a juvenile court modifies a disposition by committing the juvenile to TYC, it must determine that it is in the child’s best interests to be placed outside the child’
s home; that reasonable efforts were made to prevent or eliminate the need for the child’s removal from the child’s home and to make it possible for the child to return home; and that the child, in the child’s home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.  
Tex. Fam. Code Ann.
 § 54.05(m) (Vernon Supp. 2006).

J.B. contends that TYC is the most severe form of juvenile punishment and that that the judge should have considered “the full range of punishment,” including community-based supervision and outpatient treatment, instead of automatically sentencing him to TYC.  However, the trial court noted that J.B. had already received “numerous” outpatient services in the past.  Furthermore, Denise Anderson, J.B.’s STOP treatment coordinator, testified that in her opinion, J.B. posed a high risk of reoffending in the community; and Juan Lajara, the probation officer, testified that J.B. possessed multiple risk factors of reoffending due to his lack of progress in treatment, including impulsivity, a chaotic home environment, anger issues, and sexual risk factors of both male and female victims as well as the degree of violence involved in the offenses. Accordingly, there was evidence that returning J.B. to his home and placing him in outpatient treatment was not a viable solution due to J.B.’s risk of reoffending. 

J.B. also contends that there was no testimony that TYC could provide any better protection for the public, or any better sex offender treatment, than confinement in STOP.  But the trial court heard evidence that STOP was the most restrictive program that the juvenile probation department had, and even this program was not successful in treating J.B.  The county’s juvenile services resource staffing committee recommended that J.B. should not be released into the community and instead should be sent to a more restrictive placement.  Furthermore, the committee felt that, after J.B.’s unsuccessful performance at STOP, there was no other viable placement that would be appropriate to meet J.B.’s needs.

After reviewing the evidence, we conclude that the trial court’s decision to modify J.B.’s disposition by committing him to the custody of TYC was not an abuse of discretion.
(footnote: 3)  
We overrule J.B.’s second point.

Having overruled both of J.B.’s points on appeal, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and WALKER, J.

DELIVERED: August 16, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
In re J.P.
, 136 S.W.3d 629, 632 (Tex. 2004) (holding that the trial court’s decision to modify a juvenile’s disposition is reviewed under an abuse of discretion standard); 
In re C.J.H.
, 79 S.W.3d 698, 702 (Tex. App.—Fort Worth 2002, no pet.) (explaining that to determine whether a trial court has abused its discretion, we must decide whether it acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable).

3:
See J.P.
, 136 S.W.3d at 632; 
C.J.H.
, 79 S.W.3d at 702.