COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-396-CV

 

 

IN THE MATTER OF J.B.                                                                       

 

                                              ------------

 

           FROM THE 323RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant J.B., a juvenile, appeals the trial court=s judgment
revoking his probation and committing him to the Texas Youth Commission.  Because we hold that the trial court did not
abuse its discretion in making this decision, we affirm.








J.B. was adjudicated delinquent for aggravated sexual
assault of a child on December 1, 2005, and the trial court placed him on two
years= probation. The
trial court=s order required that J.B. participate in
the Specialized Treatment of Offenders Program (ASTOP@), a long-term
residential treatment program for juveniles who have committed sexual offenses,
beginning on January 13, 2006. J.B. did not make satisfactory progress in the
program=s course of sex
offender treatment, so he was unsuccessfully discharged from STOP on August 23,
2006.  

The State then filed a Motion to Modify Disposition,
alleging that J.B. had violated the terms of his probation and requesting the
trial court to commit him to TYC.  After
a hearing, the trial court found that J.B. had violated the terms and conditions
of his probation by causing his unsuccessful discharge from STOP and sex
offender treatment, revoked his probation, and committed him to TYC for an
indeterminate sentence.  J.B. now
appeals.

In his first point, J.B. complains that the trial court
abused its discretion by committing him to TYC because he did not knowingly or
willingly violate any valid condition of his probation.  The terms of probation imposed by the trial
court are contained in an exhibit to the trial court=s order of
probation, including a list of ASpecial Conditions@ that J.B. was Ato participate in
and successfully complete.@  These conditions included the directive, AYou will attend
counseling for sex offender counseling.@  In addition, under the heading AAdditional
Conditions Ordered@ is written, ASTOP ordered.@








J.B. first argues that the language of the probation order
imposing the conditions of his probation was Aso defective,
deficient and uncertain@ that the order failed to put him on
notice of what his obligations were. 
However, J.B. admits that the record does not show that he objected to
the conditions of probation in the trial court when they were imposed.  To preserve a complaint for our review, a
party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling, if they are not
apparent from the context of the request, objection, or motion.  Tex.
R. App. P. 33.1(a).  If a party
fails to do this, error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh=g). 
Because J.B. does not show that he objected to the conditions of
probation when they were imposed, J.B. has waived any complaint about the
content of the conditions of probation.  See
In re R.P., 37 S.W.3d 76, 80 (Tex. App.CSan Antonio 2000,
no pet.) (holding that juvenile waived complaint about the constitutionality of
a condition of probation by failing to object to the condition in the trial
court when it was imposed).








J.B. also complains that his bipolar condition and the STOP
professionals= failure to properly medicate and
stabilize his mental health problems show that he did not have the capacity to
understand the probation order or to violate its conditions knowingly or
willfully.  While there was evidence that
J.B. had been diagnosed with bipolar disorder and that his doctors changed his
medication doses several times while he was in STOP, there was no evidence that
these circumstances caused J.B. to be unable to comprehend the order or how his
conduct would violate it.  There was,
however, evidence showing the oppositeCthat J.B. did
understand what was expected of him: Juan Lajara, J.B.=s intake probation
officer, testified that when he reviewed the terms and conditions of probation
with J.B. and J.B.=s mother, J.B. did not appear to have any
problems understanding what Lajara was talking about because J.B. was able to
explain the terms and conditions back to Lajara after Lajara initially
presented them.  Accordingly, we hold
that the trial court did not abuse its discretion by committing J.B. to TYC
based on its finding that J.B. had violated the terms and conditions of his
probation.[2]  We overrule J.B.=s first point.








In his second point, J.B. argues that the trial court
abused its discretion by committing J.B. to TYC because the trial court=s decision to Awarehouse@ him in TYC was a
disposition made without reference to guiding rules, reason, and
principles.  We disagree.

When a juvenile court modifies a disposition by committing
the juvenile to TYC, it must determine that it is in the child=s best interests
to be placed outside the child=s home; that
reasonable efforts were made to prevent or eliminate the need for the child=s removal from the
child=s home and to make
it possible for the child to return home; and that the child, in the child=s home, cannot be
provided the quality of care and level of support and supervision that the
child needs to meet the conditions of probation.  Tex.
Fam. Code Ann. ' 54.05(m) (Vernon Supp. 2006).








J.B. contends that TYC is the most severe form of juvenile
punishment and that that the judge should have considered Athe full range of
punishment,@ including community-based supervision and
outpatient treatment, instead of automatically sentencing him to TYC.  However, the trial court noted that J.B. had
already received Anumerous@ outpatient
services in the past.  Furthermore,
Denise Anderson, J.B.=s STOP treatment coordinator, testified
that in her opinion, J.B. posed a high risk of reoffending in the community;
and Juan Lajara, the probation officer, testified that J.B. possessed multiple
risk factors of reoffending due to his lack of progress in treatment, including
impulsivity, a chaotic home environment, anger issues, and sexual risk factors
of both male and female victims as well as the degree of violence involved in
the offenses. Accordingly, there was evidence that returning J.B. to his home
and placing him in outpatient treatment was not a viable solution due to J.B.=s risk of reoffending.


J.B. also contends that there was no testimony that TYC
could provide any better protection for the public, or any better sex offender
treatment, than confinement in STOP.  But
the trial court heard evidence that STOP was the most restrictive program that
the juvenile probation department had, and even this program was not successful
in treating J.B.  The county=s juvenile
services resource staffing committee recommended that J.B. should not be
released into the community and instead should be sent to a more restrictive
placement.  Furthermore, the committee
felt that, after J.B.=s unsuccessful performance at STOP, there
was no other viable placement that would be appropriate to meet J.B.=s needs.

After reviewing the evidence, we conclude that the trial
court=s decision to
modify J.B.=s disposition by committing him to the
custody of TYC was not an abuse of discretion.[3]  We overrule J.B.=s second point.








Having overruled both of J.B.=s points on
appeal, we affirm the trial court=s judgment.

 

 

PER
CURIAM

 

PANEL F:    MCCOY,
J.; CAYCE, C.J.; and WALKER, J.

 

DELIVERED: August 16,
2007











[1]See Tex. R. App. P. 47.4.





[2]See In re J.P., 136
S.W.3d 629, 632 (Tex. 2004) (holding that the trial court=s decision to modify a
juvenile=s disposition is reviewed
under an abuse of discretion standard); In re C.J.H., 79 S.W.3d 698, 702
(Tex. App.CFort Worth 2002, no pet.)
(explaining that to determine whether a trial court has abused its discretion,
we must decide whether it acted without reference to any guiding rules or
principles; in other words, whether the act was arbitrary or unreasonable).





[3]See J.P., 136 S.W.3d at 632; C.J.H.,
79 S.W.3d at 702.