**Opinion filed January 27, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00081-CV

_____

## IN THE MATTER OF M.L.C., A JUVENILE

**On Appeal from the County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. 5877**

### M E M O R A N D U M   O P I N I O N

The jury found that M.L.C. had engaged in two counts of delinquent conduct: theft of property valued between $50 and $500 and felony aggravated assault. The trial court proceeded with the disposition and ordered that M.L.C. be committed to the Texas Youth Commission. We affirm.

On appeal, M.L.C. presents two issues challenging the sufficiency of the evidence to support the jury's findings that he committed theft and that the assault was aggravated. We will review all of the evidence and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *In re M.C.S., Jr.*, No. 02-09-00332-CV, 2010 WL 4138554 (Tex. App.—Fort Worth Oct. 21, 2010, no pet.); *see* TEX.

FAM. CODE ANN. § 54.03(f) (Vernon Supp. 2010); *see also In re M.R.*, 846 S.W.2d 97, 101 (Tex. App.—Fort Worth 1992), *writ denied*, 858 S.W.2d 365 (Tex. 1993). The jury, as the trier of fact, is the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). As such, the jury was free to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *In re R.P.*, 37 S.W.3d 76, 78 (Tex. App.—San Antonio 2000, no pet.).

*Theft*

In his first issue, M.L.C. contends that the evidence is insufficient to show that he stole the cell phone or that he knew it was stolen when he received it. A person commits the offense of theft if he unlawfully appropriates property with the intent to deprive the owner of that property. TEX. PENAL CODE ANN. § 31.03 (Vernon Supp. 2010). Appropriation of property is unlawful if it is without the owner's effective consent or if the property is stolen and the actor appropriates the property knowing it was stolen by another. *Id.* § 31.03(b).

It is undisputed that M.G., a friend of M.L.C., stole a cell phone belonging to Guadalupe Barraza from a school locker that was shared by M.G. and Barraza. M.G. hesitantly testified that M.L.C. told her to take the phone, that he gave her $20, and that there was peer pressure from others for her to take the phone or suffer getting beaten up by M.L.C.'s sister. When confronted at school with the theft, M.L.C. was uncooperative. He told the assistant principal that he knew where the phone was but that he "no longer had the phone." M.L.C. later told the assistant principal that he paid for the phone, that it was his, and that he did not care if it was stolen. At trial, M.L.C. testified that he returned the phone when he found out it had been stolen. Barraza testified, however, that her phone was never returned to her. We hold that the evidence is sufficient to support the jury's verdict; there was evidence from which a rational jury could have found that M.L.C. appropriated the phone knowing that it had been stolen. The first issue is overruled.

*Aggravated Assault*

In his second issue, M.L.C. contends that the evidence is insufficient to show that he committed the offense of aggravated assault. The jury found that M.L.C. committed the offense of aggravated assault upon Bill McGrew by hitting or striking him on the head with a glass ashtray. It is undisputed that M.L.C. struck McGrew on the head with a glass ashtray. What is

2

disputed is whether this assault constitutes simple assault or aggravated assault. The offense of aggravated assault can be committed in two different ways, either of which will support a conviction. TEX. PENAL CODE ANN. § 22.02 (Vernon Supp. 2010). Under Section 22.02(a)(1), the offense is committed if the person commits an assault and "causes serious bodily injury to another." Under Section 22.02(a)(2), the offense is committed if the person commits an assault and "uses or exhibits a deadly weapon during the commission of the assault." The petition and the jury charge in this case included each of these alternate means of committing aggravated assault.

We agree with M.L.C. that the evidence does not show that he caused "serious bodily injury" to McGrew. Serious bodily injury means "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. § 1.07(a)(46) (Vernon Supp. 2010). The evidence showed that McGrew's head wound bled profusely, leaving pools of blood on a sheet, and that it required thirteen stitches, but there was no evidence regarding a risk of death, disfigurement, or protracted impairment.

We disagree with M.L.C.'s contention that the evidence is insufficient to show that the ashtray was a deadly weapon. A deadly weapon can be "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(a)(17)(B). The record shows that the remains of the shattered ashtray were introduced into evidence as an exhibit for the jury to see. Officer Demetrius Lee was the only witness who testified regarding the ashtray being a deadly weapon. He was asked: "In your training and experience as a police officer, could a glass ashtray striking someone in the head be used as a deadly weapon?" The officer answered affirmatively. The injuries inflicted on the victim may also be considered in determining whether a deadly weapon was used. *Lane v. State*, 151 S.W.3d 188, 191 (Tex. Crim. App. 2004). The evidence indicated that McGrew's head bled profusely. A picture showing the pools of blood at the scene of the offense was admitted into evidence as an exhibit. Officer Lee testified that he went to the hospital and observed that the bandage around McGrew's head was soaked in blood. Though the testimony regarding the ashtray being a deadly weapon was not well developed, that testimony along with the exhibits and the injury suffered by McGrew were sufficient to support the jury's verdict that M.L.C. committed the offense of aggravated assault by means of his use of the ashtray as a deadly weapon. The jury

could have found that the ashtray, in the manner of its use in this case, was capable of causing death or serious bodily injury.  M.L.C.'s second issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


January 27, 2011

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

4