Opinion filed January 27,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00081-CV 

                                                    __________

 

                        IN THE MATTER OF M.L.C., A JUVENILE



 

                                  On
Appeal from the County Court at Law

 

                                                          Midland
County, Texas

 

                                                       Trial
Court Cause No. 5877

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury found that M.L.C. had engaged in two counts of delinquent conduct:  theft
of property valued between $50 and $500 and felony aggravated assault.  The
trial court proceeded with the disposition and ordered that M.L.C. be committed
to the Texas Youth Commission.  We affirm.

On
appeal, M.L.C. presents two issues challenging the sufficiency of the evidence
to support the jury’s findings that he committed theft and that the assault was
aggravated.  We will review all of the evidence and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443
U.S. 307 (1979); Brooks v. State,
323 S.W.3d 893, 899 (Tex. Crim. App. 2010); In re M.C.S., Jr., No.
02-09-00332-CV, 2010 WL 4138554 (Tex. App.—Fort Worth Oct. 21, 2010, no pet.); see
Tex. Fam. Code Ann. § 54.03(f)
(Vernon Supp. 2010); see also In re M.R., 846 S.W.2d 97, 101 (Tex. App.—Fort Worth 1992), writ
denied, 858 S.W.2d 365 (Tex. 1993).  The jury, as the trier of fact,
is the sole judge of the credibility of the witnesses and of the weight to be
given to their testimony.  Tex. Code
Crim. Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).  As
such, the jury was free to believe or disbelieve all or any part of any
witness’s testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim.
App. 1986); In re R.P., 37 S.W.3d 76, 78 (Tex. App.—San Antonio 2000, no
pet.). 

Theft

In
his first issue, M.L.C. contends that the evidence is insufficient to show that
he stole the cell phone or that he knew it was stolen when he received it.  A
person commits the offense of theft if he unlawfully appropriates property with
the intent to deprive the owner of that property.  Tex. Penal Code Ann. § 31.03 (Vernon Supp. 2010). 
Appropriation of property is unlawful if it is without the owner’s effective
consent or if the property is stolen and the actor appropriates the property
knowing it was stolen by another.  Id. § 31.03(b).  

            It
is undisputed that M.G., a friend of M.L.C., stole a cell phone belonging to
Guadalupe Barraza from a school locker that was shared by M.G. and Barraza. 
M.G. hesitantly testified that M.L.C. told her to take the phone, that he gave
her $20, and that there was peer pressure from others for her to take the phone
or suffer getting beaten up by M.L.C.’s sister.  When confronted at school with
the theft, M.L.C. was uncooperative.  He told the assistant principal that he
knew where the phone was but that he “no longer had the phone.”  M.L.C. later told
the assistant principal that he paid for the phone, that it was his, and that
he did not care if it was stolen.  At trial, M.L.C. testified that he returned
the phone when he found out it had been stolen.  Barraza testified, however,
that her phone was never returned to her.  We hold that the evidence is
sufficient to support the jury’s verdict; there was evidence from which a
rational jury could have found that M.L.C. appropriated the phone knowing that
it had been stolen.  The first issue is overruled.

Aggravated
Assault

In
his second issue, M.L.C. contends that the evidence is insufficient to show
that he committed the offense of aggravated assault.  The jury found that
M.L.C. committed the offense of aggravated assault upon Bill McGrew by hitting
or striking him on the head with a glass ashtray.  It is undisputed that M.L.C.
struck McGrew on the head with a glass ashtray.  What is disputed is whether
this assault constitutes simple assault or aggravated assault.  The offense of
aggravated assault can be committed in two different ways, either of which will
support a conviction.  Tex. Penal Code
Ann. § 22.02 (Vernon Supp. 2010).  Under Section 22.02(a)(1), the
offense is committed if the person commits an assault and “causes serious
bodily injury to another.”  Under Section 22.02(a)(2), the offense is committed
if the person commits an assault and “uses or exhibits a deadly weapon during
the commission of the assault.”  The petition and the jury charge in this case
included each of these alternate means of committing aggravated assault.

We
agree with M.L.C. that the evidence does not show that he caused “serious
bodily injury” to McGrew.  Serious bodily injury means “bodily injury that
creates a substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily
member or organ.”  Tex. Penal Code Ann.
§ 1.07(a)(46) (Vernon Supp. 2010).  The evidence showed that McGrew’s
head wound bled profusely, leaving pools of blood on a sheet, and that it
required thirteen stitches, but there was no evidence regarding a risk of
death, disfigurement, or protracted impairment.

We
disagree with M.L.C.’s contention that the evidence is insufficient to show
that the ashtray was a deadly weapon.  A deadly weapon can be “anything that in
the manner of its use or intended use is capable of causing death or serious
bodily injury.”  Id. § 1.07(a)(17)(B).  The record shows that the
remains of the shattered ashtray were introduced into evidence as an exhibit
for the jury to see.  Officer Demetrius Lee was the only witness who testified
regarding the ashtray being a deadly weapon.  He was asked: “In your training
and experience as a police officer, could a glass ashtray striking someone in
the head be used as a deadly weapon?”  The officer answered affirmatively.  The
injuries inflicted on the victim may also be considered in determining whether
a deadly weapon was used.  Lane v. State, 151 S.W.3d 188, 191 (Tex.
Crim. App. 2004).  The evidence indicated that McGrew’s head bled profusely.  A
picture showing the pools of blood at the scene of the offense was admitted
into evidence as an exhibit.  Officer Lee testified that he went to the
hospital and observed that the bandage around McGrew’s head was soaked in
blood.  Though the testimony regarding the ashtray being a deadly weapon was
not well developed, that testimony along with the exhibits and the injury
suffered by McGrew were sufficient to support the jury’s verdict that M.L.C.
committed the offense of aggravated assault by means of his use of the ashtray
as a deadly weapon.  The jury could have found that the ashtray, in the manner
of its use in this case, was capable of causing death or serious bodily injury. 
M.L.C.’s second issue is overruled.

            The
judgment of the trial court is affirmed.

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

January 27, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.