

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00629-CR

Kevin Apolinar **JOHNS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR2450
Honorable Joey Contreras, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:       Rebeca C. Martinez, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: July 10, 2019

AFFIRMED

After the trial court denied his motion to suppress, Kevin Apolinar Johns pled guilty to possession of a controlled substance and was sentenced as a repeat offender to fifteen years' imprisonment. On appeal, Johns asserts the trial court erred by: (1) denying his motion to suppress; (2) sua sponte questioning the witness at the suppression hearing; and (3) denying his motion for new trial. We overrule Johns's issues and affirm the trial court's judgment.

## BACKGROUND

Deputy Kevin Rasmussen was the only witness to testify at the suppression hearing. Deputy Rasmussen testified he stopped Johns because the taillights of the rental vehicle he was driving were not working. Johns told Deputy Rasmussen that he was on probation and might have outstanding warrants. Deputy Rasmussen asked Johns to exit the vehicle and patted him down for weapons. Johns then consented to a search of his person. In searching Johns, Deputy Rasmussen discovered a substance in his pocket which he believed was methamphetamines. After arresting Johns and placing him in the back of the patrol car, Deputy Rasmussen searched Johns's vehicle and discovered more controlled substances in Johns's wallet and a handgun under the driver's seat.

As previously noted, Johns pled guilty to possessing a controlled substance after his motion to suppress was denied. Johns later filed a motion for new trial based on newly discovered evidence. The trial court denied the motion for new trial after a hearing. Johns appeals.

## MOTION TO SUPPRESS

In his first issue, Johns contends the trial court erred in denying his motion to suppress because Deputy Rasmussen did not have a warrant to search his vehicle and no exception to the warrant requirement applied. The State responds the search was valid as a search incident to Johns's arrest or as an inventory search.

A.     Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). "Although we give almost total deference to the trial court's determination of historical facts, we conduct a *de novo* review of the trial court's application of the law to those facts." *Love v. State*, 543 S.W.3d 835, 840 (Tex. Crim. App. 2016) (internal quotation omitted). As an appellate court, we will affirm the trial court's ruling if "it is correct under any theory of law applicable to the case, even

if the trial court did not rely on that theory." *Leming v. State*, 493 S.W.3d 552, 562 (Tex. Crim. App. 2016).

### B.     Applicable Law

"[O]nce the occupant of a vehicle is lawfully arrested, the Fourth Amendment permits a warrantless search of the vehicle's passenger compartment . . . 'when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle.'" *State v. Sanchez*, 538 S.W.3d 545, 548 (Tex. Crim. App. 2017) (quoting *Arizona v. Gant*, 556 U.S. 332, 335 (2009)).  For example, when a driver is lawfully arrested for a drug offense, it is reasonable for the arresting officer "'to believe that further contraband or similar evidence relevant to the crime for which he had been arrested might be found in the vehicle from which he had just alighted and which was still within his vicinity at the time of arrest.'" *Id*. at 548-59 (quoting Justice Scalia's concurring opinion in *Thornton v. United States*, 541 U.S. 615, 632 (Scalia, J., concurring) and noting *Gant* adopted that opinion).

An inventory search is permissible under the state and federal constitutions if it is conducted pursuant to a lawful impoundment.  *Benavides v. State*, 600 S.W.2d 809, 810 (Tex. Crim. App. [Panel Op.] 1980). An impoundment is lawful if the driver is removed from his vehicle and placed under custodial arrest and no other alternatives are available other than impoundment to ensure the protection of the vehicle.  *Id*. at 811; *see also Yaws v. State*, 38 S.W.3d 720, 724 (Tex. App.—Texarkana 2001, pet. ref'd) (noting impoundment reasonable when driver is alone when arrested); *Mayberry v. State*, 830 S.W.2d 176, 180 (Tex. App.—Dallas 1992, pet. ref'd) (holding the State met its burden to show that impoundment was lawful when the arrestee was alone and no one was readily available to take care of the car).  An inventory search is not unlawful simply because it is conducted before the vehicle is actually towed and impounded.  *Daniels v. State*, 600 S.W.2d 813, 815 (Tex. Crim. App. [Panel Op.] 1980); *Jackson v. State*, 468 S.W.3d

189, 195 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The State bears the burden of proving that an impoundment is lawful and may satisfy its burden by showing that (1) the driver was arrested, (2) no alternatives other than impoundment were available to ensure the automobile's protection, (3) the impounding agency had an inventory policy, and (4) the policy was followed. *State v. Cook*, 389 S.W.3d 376, 380 (Tex. App.—Texarkana 2012, no pet.); *Garza v. State*, 137 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

C.     Analysis

Because Johns was arrested for possession of a controlled substance, it was reasonable for Deputy Rasmussen "'to believe that further contraband or similar evidence relevant to the crime for which [Johns] had been arrested might be found in the vehicle from which he had just alighted and which was still within his vicinity at the time of arrest.'" *Sanchez*, 538 S.W.3d at 548 (quoting *Thornton*, 541 U.S. at 632 (Scalia, J., concurring)). Therefore, the trial court did not abuse its discretion in denying the motion to suppress because the search of Johns's vehicle was permissible under the search incident to arrest exception to the warrant requirement.

Furthermore, Johns was the only occupant of the vehicle; therefore, no alternatives other than impoundment were available to ensure the vehicle's protection. In addition, Deputy Rasmussen testified he was required to inventory Johns's vehicle or the tow company would not pick up the vehicle. Accordingly, the trial court also did not abuse its discretion in denying the motion to suppress because the search of Johns's vehicle was permissible under the inventory exception to the warrant requirement.

Johns's first issue is overruled.

**QUESTIONING WITNESS**

In his second issue, Johns contends the trial court violated his right to a fair trial by questioning Deputy Rasmussen at the suppression hearing. Johns asserts the trial court assumed the role of a prosecutor in asking the questions.

A.      Preservation

Acknowledging that no objection was made to the trial judge's questioning of Deputy Rasmussen, Johns cites *Proenza v. State*, 541 S.W.3d 786 (Tex. Crim. App. 2017), to assert no objection was required because the questioning was fundamental error. In *Proenza*, the Texas Court of Criminal Appeals held claims of improper judicial comments raised under Article 38.05 do not require an objection to preserve the complaint for appellate review. 541 S.W.3d at 801. Although we believe a distinction exists between a trial judge's questioning of a witness at a suppression hearing, and a trial judge's commenting on the evidence at a jury trial, we will assume for purposes of this appeal that error was preserved. *See Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. [Panel Op.] 1978) (overruling complaint regarding trial judge's questioning of witnesses despite absence of objection but noting conduct of the trial court in questioning witnesses could only be challenged if conduct was fundamentally erroneous).

B.      Standard of Review and Applicable law

"Due process requires a neutral and detached hearing body or officer." *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). A reviewing court presumes the trial court was neutral and detached absent a clear showing to the contrary. *Id*. A trial judge is permitted to question a witness when seeking information to clarify a point or to obtain a clearer idea of the merits of the case. *See Brewer*, 572 S.W.2d at 721 (holding questioning by trial court for purpose of clarifying an issue is permissible); *Marshall v. State*, 297 S.W.2d 135, 136-37 (Tex. Crim. App. 1956) (holding "court had the right to question the witness in order to obtain a clearer idea of the

merits of the case" in a case tried without a jury). In bench trials, "a trial judge may question a witness in order to clarify an issue the trial judge must decide in fulfilling his fact-finding role." *In re R.P.*, 37 S.W.3d 76, 79 (Tex. App.—San Antonio 2000, no pet.). However, a trial judge must avoid becoming involved as an advocate to the extent that he cannot make an objective finding of fact in the case. *Id.* "When reviewing complaints about the trial judge's questioning of a witness, we apply an abuse of discretion standard." *Badillo v. State*, No. 07-07-0081-CR, 2009 WL 425149, at *6 (Tex. App.—Amarillo Feb. 20, 2009, no pet.) (not designated for publication).

### C. Analysis

In this case, the questioning occurred during a suppression hearing, so there was no danger of influencing a jury. In addition, the trial judge's questions sought to clarify issues relating to Johns's verbal consent to search and Deputy Rasmussen's search of the vehicle, and the trial court was required to make factual findings regarding these issues in ruling on the motion to suppress. Finally, the record does not indicate the trial judge abandoned his neutral and detached role. Accordingly, the trial court did not abuse its discretion in questioning Deputy Rasmussen, and Johns's second issue is overruled.

### MOTION FOR NEW TRIAL

In his third issue, Johns contends the trial court erred in denying his motion for new trial based on newly discovered evidence.

### A. Standard of Review

"We review a trial court's denial of a motion for new trial under an abuse of discretion standard." *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012). "A trial court abuses its discretion in denying a motion for new trial when no reasonable view of the record could support the trial court's ruling." *Id.*

Article 40.001 of the Texas Code of Criminal Procedure provides, "A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." TEX. CODE CRIM. PROC. ANN. art. 40.001. "To obtain relief under this provision, the defendant must satisfy the following four-prong test: (1) the newly discovered evidence was unknown or unavailable to the defendant at the time of trial; (2) the defendant's failure to discover or obtain the new evidence was not due to the defendant's lack of due diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result in a new trial." *State v. Arizmendi*, 519 S.W.3d 143, 149 (Tex. Crim. App. 2017).

B.      Analysis

Johns's motion for new trial asserted records from the car rental company from which he rented the vehicle he was driving the night he was arrested constituted "newly discovered evidence." Johns contends the records showed no repairs to the taillights were made after the rental car was returned which would contradict Deputy Rasmussen's testimony regarding the reason for the traffic stop.

Under the first prong of the applicable test, however, no showing was made that the records were unknown or unavailable to Johns at the time of trial. In fact, Johns's attorney made reference to the records as a basis for a verbal motion for continuance at the suppression hearing. Although Johns's attorney stated she was recently appointed, the suppression hearing was held two years after Johns was arrested, and no evidence was presented regarding the reason the records were not previously obtained. In addition, Johns's trial attorney testified at the hearing on the motion for new trial that the records were not necessary, and she only requested the continuance because Johns insisted the records be obtained. Finally, the trial court noted the records presented at the hearing were not clear with regard to the issue of whether the taillights were operable when Johns

was arrested. Although the attorney representing Johns on the motion for new trial sent an email to the car rental company asking if any repairs were made to the car after it was returned and received a response that no repairs were made, the trial court questioned whether the car rental company would consider changing a light bulb in a taillight to be a repair. The trial court also noted the email could specifically have asked about the taillights rather than asking about repairs. Given the two-year time period between the day of Johns's arrest and the suppression hearing, the availability of the records, and the nature of the records presented at the hearing, we hold the trial court did not abuse its discretion in denying the motion for new trial because Johns did not satisfy the applicable four-prong test. Johns's third issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH