YVONNE T. RODRIGUEZ, Justice
J.C.C., a juvenile, appeals from a judgment committing him to the Texas Juvenile Justice Department. We affirm.
FACTUAL SUMMARY
The State alleged in its petition that Appellant possessed more than four but less than 200 grams of heroin. See TEX.HEALTH & SAFETY CODE ANN. §§ 481.102(2), 481.115(a) (West 2017 and West Supp. 2017). Appellant waived his right to a jury trial and entered a plea of true to this allegation. Appellant's plea is supported by a judicial confession and stipulation. The trial court accepted the plea and found that Appellant had engaged in delinquent conduct, and it entered an adjudication order.
At the disposition hearing, the State presented the testimony of Renee Mora, a juvenile probation officer familiar with the facts of the case and Appellant's probation history. Further, the State introduced into evidence the pre-disposition report which sets forth Appellant's juvenile record. The record shows that Appellant was first referred to the El Paso County Juvenile Probation Department in 2013 for four burglary of a vehicle offenses. The juvenile court adjudicated Appellant for two of those offenses and placed him on supervised probation without a curfew. Appellant committed technical violations of the *185 probation order in 2014 and 2015, and these violations resulted in an increase in the level of probation. He was placed on supervised probation with an electronic monitor in January 2014. Following another technical violation, the trial court placed him outside of the home in APECS Challenge Academy. He was successfully discharged from APECS in July 2014 and placed on intensive supervised probation (ISP) under the Drug Court program. In January 2015, the trial court sustained a motion to modify based on a technical violation and placed Appellant on SHOCAP[1] Probation. In April 2015, the trial court adjudicated Appellant for two new offenses, evading arrest and failure to identify, and Appellant was placed in the Challenge Academy. After Appellant was successfully discharged from the Challenge Academy, the court placed him back on SHOCAP. Appellant committed a new technical violation in January 2016 and he was "recycled" back into the Challenge program. Appellant did not successfully complete the Challenge aftercare program. In September 2016, Appellant was referred to the Department again based on the offense involved in this case, possession of more than four but less than 200 grams of heroin.
The State also introduced evidence regarding Appellant's substance abuse and mental health history. Appellant began using marihuana daily when he was twelve years of age. He has also used alcohol, spice, cocaine, and heroin. He was referred to substance abuse counseling in 2013 and 2014, but did not complete it. The Probation Department referred Appellant to Aliviane from September 2013 to March 2014 and he received substance abuse counseling as well as individual and family therapy. He underwent two weeks of partial hospitalization at University Behavioral Health (UBH) from March 17, 2014 through April 14, 2014.
On May 1, 2014, Appellant underwent a psychological evaluation from Amanecer. Amanecer diagnosed Appellant with conduct disorder, moderate cannabis use disorder, parent/child relational problems, child physical abuse, academic or educational problems, and problems related to the legal system, and it recommended a physically-oriented behavior modification program. Appellant was referred to the Challenge program based on this recommendation. On June 2, 2014, Appellant was referred to Texas Tech University for a psychiatric evaluation, and he was diagnosed with ADHD, anxiety, and Post-Traumatic Stress Disorder (PTSD). There is evidence that both Appellant and his mother were physically abused by Appellant's father. Appellant was also evaluated by Dr. Shiva Mansourkhani and diagnosed, with ADHD, PTSD, anxiety disorder, depressive disorder, cannabis use disorder, and conduct disorder. Dr. Mansourkhani recommended that Appellant receive trauma-focused therapy in a structural therapeutic environment and emphasized that Appellant might benefit from long-term placement in a facility that provided trauma focused-cognitive behavior therapy (TF-CBT). Based on this report, the Juvenile Probation Department recommended to the trial court that Appellant be committed to TJJD. According to Ms. Mora, TJJD could provide trauma-focused therapy in a structural therapeutic environment.
In the disposition order committing Appellant to TJJD, the trial court expressly found that it is in Appellant's best interests to be placed outside of his home, *186 reasonable efforts were made to prevent or eliminate the need for Appellant's removal from the home, and Appellant, in his home, cannot be provided the quality of care and level of support and supervision that he needs to meet the conditions of probation.
COMMITMENT TO TJJD
In his sole issue, Appellant contends that the trial court abused its discretion by committing him to the Texas Juvenile Justice Department because the trial court failed to provide him with any treatment for Post-Traumatic Stress Disorder in violation of Section 51.20 of the Texas Family Code.
Standard of Review
A juvenile court possesses broad discretion to determine a suitable disposition for a child who has been adjudicated as having engaged in delinquent behavior. See TEX.FAM.CODE ANN. § 54.04 (West Supp. 2017); In re E.F.Z.R. , 250 S.W.3d 173, 177 (Tex.App.-El Paso 2008, no pet.). Absent an abuse of discretion, we will not disturb the juvenile court's disposition or modification of a disposition. See In re E.F.Z.R. , 250 S.W.3d at 176. The juvenile court's exercise of discretion regarding disposition is guided by Section 54.04 of the Texas Family Code. See TEX.FAM.CODE ANN. § 54.04 ; In re E.F.Z.R. , 250 S.W.3d at 177.
Under Section 54.04(i), a court must make the following statutory findings before it commits a juvenile to TJJD: (A) it is in the child's best interests to be placed outside his home; (B) reasonable efforts were made to prevent or eliminate the need for his removal from the home and to make it possible for the child to return to his home; and (C) the child cannot be provided the quality of care and level of support and supervision in his home that he needs to meet the conditions of probation. See TEX.FAM.CODE ANN. § 54.04(i)(1)(A)-(C) (West Supp. 2017). The trial court made each of the required findings and included them in the disposition order. Appellant's brief challenges only the second of the required findings. See TEX.FAM.CODE ANN. § 54.04(i)(1)(B).
In conducting our review, we engage in a two-pronged analysis: (1) did the trial court have sufficient information upon which to exercise its discretion; and (2) did the trial court err in its application of discretion? In re E.F.Z.R. , 250 S.W.3d at 176. We employ the traditional sufficiency of the evidence standards of review when considering the first question. Id. We then proceed to determine whether, based on the evidence, the trial court made a reasonable decision or whether it was arbitrary and unreasonable. Id. In evaluating the legal sufficiency of the evidence to support the trial court's findings, we consider evidence favorable to the finding if a reasonable fact finder could and disregard evidence contrary to the finding unless a reasonable fact finder could not. See City of Keller v. Wilson , 168 S.W.3d 802, 807, 827 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the challenged finding. In re C.J.H. , 79 S.W.3d 698, 703 (Tex.App.-Fort Worth 2002, no pet.). When reviewing the factual sufficiency of the evidence to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to the finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the finding should be set aside. Cain v. Bain , 709 S.W.2d 175, 176 (Tex. 1986) ; see In re E.F.Z.R. , 250 S.W.3d at 176.
Reasonable Efforts Made to Prevent Removal
Appellant argues that the trial court's affirmative finding under *187 Section 54.04(i)(1)(B) is precluded by the evidence showing that Appellant was not provided with treatment for PTSD as required by Section 51.20 of the Texas Family Code. As part of this argument, Appellant asserts that the Probation Department made "[n]o efforts of any kind" to provide treatment for PTSD based on Dr. Mansourkhani's recommendations. Appellant also contends that the trial court's finding is contrary to Section 51.01 of the Texas Family Code. Appellant does not expressly state his arguments in terms of a sufficiency challenge, but we have construed his brief as challenging the legal and factual sufficiency of the evidence supporting the trial court's finding that reasonable efforts were made to prevent or eliminate the need for Appellant's removal from the home and to make it possible for Appellant to return to his home. See TEX.FAM.CODE ANN. § 54.04(i)(1)(B).
Citing Section 51.01(5) of the Family Code, Appellant first argues that the trial court abused its discretion by committing him to TJJD because his removal from the home was not necessary. Section 51.01 requires that the Juvenile Justice Code (Title 3) be construed to effectuate a list of public purposes, including but not limited to the following: to provide for the protection of the public and public safety; to provide for the care, protection, and wholesome moral, mental, and physical development of children coming within the provisions of Title 3; and to protect the welfare of the community. See TEX.FAM.CODE ANN. § 51.01 (West 2014). Subsection (5) further provides that these purposes should be achieved in a family environment whenever possible, separating the child from the child's parents only when necessary for the child's welfare or in the interest of public safety. See TEX.FAM.CODE ANN. § 51.01(5). This statute guides the construction of Title 3, but it does not provide Appellant with an independent mechanism or ground for establishing that the trial court abused its discretion by removing him from his home.
Appellant bases his second argument on Section 51.20 of the Family Code. This statute authorizes a juvenile court to order a child who is alleged by a petition to have engaged in delinquent conduct to be examined by a disinterested expert to determine whether the child has a mental illness, is a person with mental retardation, or suffers from chemical dependency. See TEX.FAM.CODE ANN. § 51.20(a) (West 2014). If the examination reveals that the child has a mental illness or mental retardation, or suffers from chemical dependency, the probation department shall refer the child to the local mental health or mental retardation authority or to another appropriate agency or provider for evaluation and services. See TEX.FAM.CODE ANN. § 51.20(b). The statute also requires the probation department to refer the child for evaluation and services if a qualified professional determines that the child has a mental illness, mental retardation, or suffers from chemical dependency while the child is under court-ordered probation and is not currently receiving treatment for the mental illness, mental retardation, or chemical dependency. See TEX.FAM.CODE ANN. § 51.20(c).
We have found no cases holding that a probation department's failure to comply with Section 51.20(c), standing alone, precludes a finding that reasonable efforts were made to prevent or eliminate the need for the juvenile's removal from the home and to make it possible for the juvenile to return to his home. Further, we are unable to find that the record shows a complete failure to provide Appellant with treatment for PTSD. The record before us reflects that the Juvenile Probation Department attempted to address the constellation of mental health and chemical *188 dependency issues likely arising from Appellant's physical abuse as a child by referring him for evaluation and services with various providers. In May 2014, Amanecer diagnosed Appellant with conduct disorder, moderate cannabis use disorder, parent/child relational problems, and child physical abuse. Based on Amanecer's recommendation for a physically-oriented behavior modification program, the Probation Department referred Appellant to the Challenge program. In June 2014, Appellant underwent a psychiatric evaluation, and he was diagnosed with ADHD, anxiety, and Post-Traumatic Stress Disorder (PTSD). The provider recommended that Appellant continue with the prescribed medications for PTSD-related depression and anxiety, and he further recommended that Appellant be referred for individual psychotherapy and counseling to address trauma-related issues as well as depression. Ms. Mora testified that the probation records did not indicate whether Appellant was referred to individual psychotherapy and counseling for PTSD. There is also evidence in the record that Appellant has been provided with individual and family counseling while on probation. Further, Ms. Mora testified that TJJD offers therapy for PTSD and the records indicated that Appellant generally responded better when he was in a restrictive environment rather than in the local community. Thus, there is evidence in the record that Appellant has been provided with some treatment for his mental health issues and additional services are available in TJJD. There is also evidence that Appellant has been provided with treatment for chemical dependency while on juvenile probation. Further, he received substance abuse counseling as well as individual therapy and family therapy. Appellant's mother admitted that she did not take Appellant to some mental health appointments as directed by the Probation Department.
In determining whether reasonable efforts were made to prevent or eliminate the need for Appellant's removal from the home and to make it possible for Appellant to return to his home, we must also consider the evidence that Appellant has multiple referrals to the Juvenile Probation Department and he has been subjected to increasing levels of probationary supervision over a three-year period. When Appellant was first referred to the Probation Department in 2013 for four burglary offenses, he was placed on supervised probation without a curfew, but the court incrementally increased the level of supervision in 2014 and 2015 in response to technical violations committed by Appellant. During this time, Appellant was on supervised probation with an electronic monitor, intensive supervised probation (ISP) under the Drug Court program, and SHOCAP probation. In 2014, the trial court also placed Appellant outside of the home in the APECS Challenge Academy. Despite this level of supervision, Appellant committed two new offenses, evading arrest and failure to identify, and the trial court placed Appellant in the Challenge Academy. After Appellant was successfully discharged from the Challenge Academy, the court placed him back on SHOCAP. Appellant committed a new technical violation in January 2016 and he was "recycled" back into the Challenge program. Appellant did not successfully complete the Challenge aftercare program. In September 2016, Appellant was referred to the Department again based on his commission of a new offense, possession of more than four but less than 200 grams of heroin. In summary, the evidence in favor of the challenged finding shows that the trial court placed Appellant on juvenile probation and the court steadily increased the level of supervision in response to Appellant's technical violations and commission of new offenses. Further, *189 the Probation Department provided Appellant with services designed to address his mental health, family dynamic, and chemical dependency issues. Despite this supervision and the services provided, Appellant continued to violate the conditions of probation and to commit new offenses, including the possession of heroin offense. The trial court could have determined from the evidence that reasonable efforts had been made to prevent Appellant's removal from the home, but these efforts were unsuccessful. See In re J.D , Nos. 04-01-00748-CV, 04-01-00749-CV, 2002 WL 31174477, at *2 (Tex.App.-San Antonio Oct. 2, 2002, no pet.) (reasonable efforts had been made to prevent the need for removal because the juvenile had been allowed to remain in his home on electronic monitoring; however, those efforts were unsuccessful because he committed an assault while on the electronic monitoring). We conclude that the evidence is legally sufficient to support the trial court's finding that reasonable efforts were made to prevent or eliminate the need for Appellant's removal from the home and to make it possible for Appellant to return to his home.
We have also considered whether this finding is supported by factually sufficient evidence. The facts related above show that Appellant did not succeed on probation despite being closely supervised and provided with treatment and counseling services for his mental health and chemical dependency issues. There is evidence that Appellant was not provided with the specific TF-CBT treatment recommended by Dr. Mansourkhani for PTSD, but there is no evidence that if this specific treatment had been provided there is even a reasonable possibility that it would have prevented or eliminated the need to remove Appellant from his home. We conclude that the evidence is factually sufficient to establish that reasonable efforts were made to prevent or eliminate the need for Appellant's removal from the home.
Having found that the evidence is legally and factually sufficient to support the challenged finding, we conclude that the trial court had sufficient information on which to base its decision. Further, we find that the trial court's decision to commit Appellant to TJJD does not constitute an abuse of discretion. Accordingly, we overrule Appellant's sole issue and affirm the judgment of the trial court.

SHOCAP is an acronym for Serious and/or Habitual Offender Comprehensive Action Program.